UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE;<br>MICHAEL CHATTELLE,<br><br>  Plaintiffs,<br><br>v.<br><br>VIRIATO M. FIALLO, M.D;<br>BAYSTATE MEDICAL CENTER;<br>HUBBARD REGIONAL<br>HOSPITAL;<br>LUIGI QUERUSIO, M.D.<br><br>  Defendants. | 03 12239-WGY<br>C.A. NO. 03-<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL**<br><br>MAGISTRATE JUDGE _Alexander_ |

AMOUNT $150 5/6/83
SUMMONS ISSUED yes
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED
BY DPTY. CLK. FOM
11\13\03

**PARTIES**

1. Plaintiff Rosemary Chattelle is an adult individual residing at 140 Tripp Road, Woodstock, Connecticut.

2. Plaintiff Michael Chattelle is an adult individual residing at 140 Tripp Road, Woodstock, Connecticut, and is the husband of Rosemary Chattelle.

3. Defendant Viriato M. Fiallo, M.D. is a surgeon licensed to practice in the Commonwealth of Massachusetts with an office at 2 Medical Center Drive, Springfield, Massachusetts.

4. Defendant Baystate Medical Center is a hospital organized under the laws of the Commonwealth of Massachusetts with a principle place of business at 759 Chestnut Street, Springfield, Massachusetts.

5. Defendant Hubbard Regional Hospital is a hospital organized under the laws of the Commonwealth of Massachusetts with a principle place of business at 340 Thompson Road, Webster, Massachusetts.

6. Defendant Luigi Querusio, M.D. is a physician licensed to practice in the Commonwealth of Massachusetts with an office at 22 Asylum Street, Milford, Massachusetts.

**JURISDICTION**

1

7. The jurisdiction of this Court is based on diversity of citizenship of the parties pursuant to 28 U.S.C. §1391 and the amount in controversy in excess of jurisdictional limits.

## FACTS

8. In or about November 2000, the Plaintiff came under the care and treatment of the Defendant Fiallo. The Defendant Fiallo performed a colostomy on the Plaintiff and continued to care and treat the Plaintiff thereafter.

9. On or about February 26, 2001 the Plaintiff was admitted to the Hubbard Regional Hospital and came under the care and treatment of the Defendant Querusio who continued her care and treatment thereafter.

10. The Defendants' medical care was negligent in that the Defendant Fiallo failed to obtain proper informed consent or perform proper medical and surgical procedures. Additionally, Defendant Fiallo failed to recognize post surgical complications involving abscesses, sepsis and necrosis. The Defendant Querusio failed to recognize the Plaintiff's deteriorating condition including continued sepsis and/or necrosis, or to provide proper care and treatment. As a result of the Defendants' negligence the Plaintiff and her husband have sustained significant permanent damage.

## COUNT I
### Negligence Against Defendant Viriato M. Fiallo, M.D.

11. Plaintiff restates and realleges paragraphs 1 through 10 above as if they were fully and completely set forth herein.

12. At all times relevant hereto, Defendant Viriato M. Fiallo, M.D. held himself out to the general public and in particular to the Plaintiff as a physician qualified to provide medical diagnosis, treatment and care.

13. Beginning in or about November, 2000, Defendant Fiallo, carelessly and/or negligently cared for, diagnosed and treated Plaintiff Rosemary Chattelle as follows:

    a. negligent failure to follow the standard of care and skill of the average qualified physician, taking into account advances in the profession and medical resources available to him;

    b. negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

    c. negligent failure to adequately treat the medical conditions, problems and subsequent complications of the Plaintiff;

      d.    negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly Plaintiff's presenting medical condition;

      e.    negligent failure to obtain informed consent.

14. As a direct and proximate result of the negligence and carelessness of the Defendant as hereinabove set forth, the Plaintiff suffered a compromise in her fistula repair and colostomy, leading to infection, additional surgeries, permanent disfigurement and great pain and suffering.

**WHEREFORE**, Plaintiff Rosemary Chattelle demands judgment against the Defendant, Viriato M. Fiallo, M.D., together with interest and costs.

### COUNT II
### Negligent Infliction of Emotional Distress
### Against Defendant Viriato M. Fiallo, M.D.

15. Plaintiff Rosemary Chattelle, repeats and restates the allegations in paragraphs 1 through 14 above as if fully and completely set forth herein.

16. At all times relevant hereto, Defendant Fiallo held himself out to the general public and in particular to the Plaintiff as a physician qualified to provide medical diagnosis, treatment and care.

17. Beginning in or about November, 2000, The Defendant negligently, carelessly and/or unskillfully cared for and treated the Plaintiff as follows:

      a.    negligent failure to follow the standard of care and skill of the average qualified physician, taking into account advances in the profession and medical resources available to him;

      b.    negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

      c.    negligent failure to adequately treat the medical conditions, problems and subsequent complications of the Plaintiff;

      d.    negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly Plaintiff's presenting medical condition;

      e.    negligent failure to obtain informed consent.

18. As a direct and proximate result of the negligence and carelessness of the Defendant, as hereinabove set forth, Plaintiff Rosemary Chattelle has been caused to suffer, and continues to suffer, emotional distress with physical manifestations resulting from the damages inflicted on her by the Defendant.

WHEREFORE, Plaintiff Rosemary Chattelle demands judgment against Defendant Viriato M. Fiallo, M.D. in an amount just and proper, together with interest and costs.

## COUNT III
### Loss of Consortium Against Viriato M. Fiallo, M.D.

19. Plaintiff Michael Chattelle, repeats and restates the allegations in paragraphs 1 through 18 above as if fully and completely set forth herein.

20. As a direct and proximate result of the negligence of Defendant Viriato M. Fiallo, M.D., Plaintiff Michael Chattelle has suffered the loss of consortium, services and companionship of his wife, Rosemary Chattelle, as a result of the damages suffered by her.

WHEREFORE, Plaintiff Michael Chattelle demands judgment against Defendant Viriato M. Fiallo, M.D. in an amount just and proper, together with interest and costs.

## COUNT IV
### Negligence Against Baystate Medical Center

21. Plaintiff Rosemary Chattelle, repeats and restates the allegations in paragraphs 1 through 20 above as if fully and completely set forth herein.

22. Beginning in or about November, 2000, Defendant Baystate Medical Center was a licensed medical facility engaged in providing medical treatment and services to the public, including the Plaintiff Rosemary Chattelle.

23. At all times relevant hereto, the Defendant, its agents, servants and employees held themselves out to the general public and in particular to the Plaintiff, as qualified to provide medical diagnosis, treatment and care.

24. Beginning in or about November, 2000, Plaintiff Rosemary Chattelle was a patient of the Defendant, receiving medical care and treatment from its agents, servants and employees, including, but not limited to Defendant Viriato M. Fiallo, M.D..

25. Defendant Baystate Medical Center, its agents, servants and employees, negligently, carelessly and/or unskillfully cared for and treated the Plaintiff as follows:

   a. negligent failure to follow the standard of care and skill of the average qualified medical facility undertaking to provide medical care and treatment through its agents, servants and/or employees, including, but not limited to Defendant Fiallo, who negligently failed to follow the standard of care and skill of the average qualified members of their profession practicing medicine, taking

4

into account advances in their professions and medical resources available to them;

    b.    negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

    c.    negligent failure to treat or adequately to treat the medical conditions, problems and subsequent complications of the Plaintiff;

    d.    negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly the Plaintiff's presenting medical condition;

    e.    negligent failure to obtain informed consent.

26.    As a direct and proximate result of the negligence and carelessness of Defendant Baystate Medical Center through its servants, agents and/or employees, as hereinabove set forth, Plaintiff Rosemary Chattelle has been caused to suffer and continues to suffer serious injuries, including but not limited to multiple surgeries, infections, pain and suffering.

WHEREFORE, Plaintiff Rosemary Chattelle demands judgment against Defendant Baystate Medical Center in an amount just and proper, together with interest and costs.

## COUNT V
### Negligent Infliction of Emotional Distress Against Baystate Medical Center

27.    Plaintiff Rosemary Chattelle, repeats and restates the allegations in paragraphs 1 through 26 above as if fully and completely set forth herein.

28.    At all times relevant hereto, Defendant Baystate Medical Center was a licensed medical facility engaged in providing medical treatment and services to the public, including the Plaintiff Rosemary Chattelle.

29.    At all times relevant hereto, the Defendant, its agents, servants and employees held themselves out to the general public and in particular to the Plaintiff, as qualified to provide medical diagnosis, treatment and care.

30.    Beginning in or about November, 2000, Plaintiff Rosemary Chattelle was a patient of the Defendant, receiving medical care and treatment from its agents, servants and employees, including, but not limited to Defendant Fiallo.

31.    Defendant Baystate Medical Center, its agents, servants and employees, negligently, carelessly and/or unskillfully cared for and treated the Plaintiff on or about the date hereinabove set forth as follows:

5

      a.    negligent failure to follow the standard of care and skill of the average qualified medical facility undertaking to provide medical care and treatment through its agents, servants and/or employees, including, but not limited to Defendant Fiallo, who negligently failed to follow the standard of care and skill of the average qualified members of their profession practicing emergency medicine, taking into account advances in their professions and medical resources available to them;

      b.    negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

      c.    negligent failure to treat or adequately to treat the medical conditions, problems and subsequent complications of the Plaintiff;

      d.    negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly the Plaintiff's presenting medical condition;

      e.    negligent failure to obtain informed consent.

32.    As a direct and proximate result of the negligence and carelessness of the Defendant, as hereinabove set forth, Plaintiff Rosemary Chattelle has been caused to suffer, and continues to suffer, emotional distress with physical manifestations resulting from the damages inflicted on her by the Defendant.

    WHEREFORE, Plaintiff Rosemary Chattelle demands judgment against Defendant Baystate Medical Center in an amount just and proper, together with interest and costs.

## COUNT VI
### Loss of Consortium Against Baystate Medical Center

33.    Plaintiff Michael Chattelle, repeats and restates the allegations in paragraphs 1 through 32 above as if fully and completely set forth herein.

34.    As a direct and proximate result of the negligence of Defendant Baystate Medical Center, Plaintiff Michael Chattelle has suffered the loss of consortium, services and companionship of his wife, Rosemary Chattelle, as a result of the damages suffered by her.

    WHEREFORE, Plaintiff Michael Chattelle demands judgment against Defendant Baystate Medical Center in an amount just and proper, together with interest and costs.

## COUNT VII
### Negligence Against Defendant Luigi Querusio, M.D.

35. Plaintiff restates and realleges paragraphs 1 through 34 above as if they were fully and completely set forth herein.

36. At all times relevant hereto, Defendant Luigi Querusio, M.D. held himself out to the general public and in particular to the Plaintiff as a physician qualified to provide medical diagnosis, treatment and care.

37. Beginning in or about February, 2001, Defendant Querusio, carelessly and/or unskillfully cared for, diagnosed and treated Plaintiff Rosemary Chattelle as follows:

   a. negligent failure to follow the standard of care and skill of the average qualified physician specializing in Emergency Medicine, taking into account advances in the profession and medical resources available to him;

   b. negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

   c. negligent failure to treat or adequately to treat the medical conditions, problems and subsequent complications of the Plaintiff;

   d. negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly Plaintiff's presenting medical condition;

   e. negligent failure to obtain informed consent.

38. As a direct and proximate result of the negligence and carelessness of the Defendant as hereinabove set forth, the Plaintiff suffered a compromise in her fistula repair leading to infection, additional surgeries, permanent disfigurement and great pain and suffering.

**WHEREFORE**, Plaintiff Rosemary Chattelle demands judgment against the Defendant, Luigi Querusio, M.D., together with interest and costs.

### COUNT VIII
### Negligent Infliction of Emotional Distress
### Against Defendant Luigi Querusio, M.D.

39. Plaintiff Rosemary Chattelle, repeats and restates the allegations in paragraphs 1 through 38 above as if fully and completely set forth herein.

40. At all times relevant hereto, Defendant Fiallo held himself out to the general public and in particular to the Plaintiff as a physician qualified to provide medical diagnosis, treatment and care.

7

41. Beginning in or about February, 2001, The Defendant negligently, carelessly and/or unskillfully cared for and treated the Plaintiff as follows:

   a. negligent failure to follow the standard of care and skill of the average qualified physician specializing in Emergency Medicine, taking into account advances in the profession and medical resources available to him;

   b. negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

   c. negligent failure to treat or adequately to treat the medical conditions, problems and subsequent complications of the Plaintiff;

   d. negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly Plaintiff's presenting medical condition;

   e. negligent failure to obtain informed consent.

42. As a direct and proximate result of the negligence and carelessness of the Defendant, as hereinabove set forth, Plaintiff Rosemary Chattelle has been caused to suffer, and continues to suffer, emotional distress with physical manifestations resulting from the damages inflicted on her by the Defendant.

   WHEREFORE, Plaintiff Rosemary Chattelle demands judgment against Defendant Luigi Querusio, M.D. in an amount just and proper, together with interest and costs.

## COUNT IX
### Loss of Consortium Against Luigi Querusio, M.D.

43. Plaintiff Michael Chattelle, repeats and restates the allegations in paragraphs 1 through 42 above as if fully and completely set forth herein.

44. As a direct and proximate result of the negligence of Defendant Luigi Querusio, M.D., Plaintiff Michael Chattelle has suffered the loss of consortium, services and companionship of his wife, Rosemary Chattelle, as a result of the damages suffered by her.

   WHEREFORE, Plaintiff Michael Chattelle demands judgment against Defendant Luigi Querusio, M.D. in an amount just and proper, together with interest and costs.

## COUNT VII
### Negligence Against Hubbard Regional Hospital

45. Plaintiff Rosemary Chattelle, repeats and restates the allegations in paragraphs 1 through 44 above as if fully and completely set forth herein.

46. Beginning in or about February, 2001, Defendant Hubbard Regional Hospital was a licensed medical facility engaged in providing medical treatment and services to the public, including the Plaintiff Rosemary Chattelle.

47. At all times relevant hereto, the Defendant, its agents, servants and employees held themselves out to the general public and in particular to the Plaintiff, as qualified to provide medical diagnosis, treatment and care.

48. Beginning in or about February, 2001, Plaintiff Rosemary Chattelle was a patient of the Defendant, receiving medical care and treatment from its agents, servants and employees, including, but not limited to Defendant Querusio.

49. Defendant Hubbard Regional Hospital, its agents, servants and employees, negligently, carelessly and/or unskillfully cared for and treated the Plaintiff on or about the date hereinabove set forth as follows:

    a. negligent failure to follow the standard of care and skill of the average qualified medical facility undertaking to provide medical care and treatment through its agents, servants and/or employees, who negligently failed to follow the standard of care and skill of the average qualified members of their profession practicing medicine, taking into account advances in their professions and medical resources available to them;

    b. negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

    c. negligent failure to treat or adequately to treat the medical conditions, problems and subsequent complications of the Plaintiff;

    d. negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly the Plaintiff's presenting medical condition;

    e. negligent failure to obtain informed consent.

50. As a direct and proximate result of the negligence and carelessness of Defendant Hubbard Regional Hospital, as hereinabove set forth, Plaintiff Rosemary Chattelle has been caused to suffer and continues to suffer serious injuries, including but not limited to multiple surgeries, infections, pain and suffering.

WHEREFORE, Plaintiff Rosemary Chattelle demands judgment against Defendant Hubbard Regional Hospital in an amount just and proper, together with interest and costs.

## COUNT XI
**Negligent Infliction of Emotional Distress Against Hubbard Regional Hospital**

51. Plaintiff Rosemary Chattelle, repeats and restates the allegations in paragraphs 1 through 50 above as if fully and completely set forth herein.

52. At all times relevant hereto, Defendant Hubbard Regional Hospital was a licensed medical facility engaged in providing medical treatment and services to the public, including the Plaintiff Rosemary Chattelle.

53. At all times relevant hereto, the Defendant, its agents, servants and employees held themselves out to the general public and in particular to the Plaintiff, as qualified to provide medical diagnosis, treatment and care.

54. Beginning in or about November, 2000, Plaintiff Rosemary Chattelle was a patient of the Defendant, receiving medical care and treatment from its agents, servants and employees.

55. Defendant Hubbard Regional Hospital, its agents, servants and employees, negligently, carelessly and/or unskillfully cared for and treated the Plaintiff on or about the date hereinabove set forth as follows:

   a. negligent failure to follow the standard of care and skill of the average qualified medical facility undertaking to provide medical care and treatment through its agents, servants and/or employees, who negligently failed to follow the standard of care and skill of the average qualified members of their profession practicing emergency medicine, taking into account advances in their professions and medical resources available to them;

   b. negligent failure to diagnose correctly the medical conditions, problems and subsequent complications of the Plaintiff;

   c. negligent failure to treat or adequately to treat the medical conditions, problems and subsequent complications of the Plaintiff;

   d. negligent failure to perform necessary tests and diagnostic procedures to diagnose correctly the Plaintiff's presenting medical condition;

   e. negligent failure to obtain informed consent.

56. As a direct and proximate result of the negligence and carelessness of the Defendant, as hereinabove set forth, Plaintiff Rosemary Chattelle has been caused to suffer, and continues to suffer, emotional distress with physical manifestations resulting from the damages inflicted on her by the Defendant.

WHEREFORE, Plaintiff Rosemary Chattelle demands judgment against Defendant Hubbard Regional Hospital in an amount just and proper, together with interest and costs.

## COUNT XII
## Loss of Consortium Against Hubbard Regional Hospital

57. Plaintiff Michael Chattelle, repeats and restates the allegations in paragraphs 1 through 56 above as if fully and completely set forth herein.

58. As a direct and proximate result of the negligence of Defendant Hubbard Regional Hospital, Plaintiff Michael Chattelle has suffered the loss of consortium, services and companionship of his wife, Rosemary Chattelle, as a result of the damages suffered by her.

WHEREFORE, Plaintiff Michael Chattelle demands judgment against Defendant Hubbard Regional Hospital in an amount just and proper, together with interest and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Dated: November 11, 2003

The Plaintiff
By Her Attorneys

Edward M. Swartz, BBO# 489540
David P. Angueira, BBO# 019610
SWARTZ & SWARTZ
10 Marshall Street
Boston, Massachusetts 02108
(617) 742-1900