UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -5  A 11: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROSEMARY CHATTELLE, )<br>MICHAEL CHATTELLE, )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>VIRIATO M. FIALLO, M.D., )<br>BAYSTATE MEDICAL CENTER [sic], )<br>HUBBARD REGIONAL HOSPITAL, )<br>LUIGI QUERUSIO, M.D. )<br>  )<br>Defendants. )<br>_____ ) | C.A. NO. 03-12239MES WGY<br><br>ANSWER TO COMPLAINT<br>OF DEFENDANT,<br>VIRIATO M. FIALLO, M.D.<br>(Jury Trial Demanded) |

Defendant, Viriato M. Fiallo, M.D. ("Dr. Fiallo"), hereby responds to plaintiffs' allegations contained in the complaint as follows:

### FIRST DEFENSE

1.  Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.  Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.  Dr. Fiallo admits the allegations contained in paragraph 3 of the complaint.

4.  Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.  Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.  Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Paragraph 7 of the complaint asserts legal conclusions to which no response is required. To the extent a response is required, Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. Dr. Fiallo denies each and every allegation contained in paragraph 10 of the complaint.

11. In response to the allegations contained in paragraph 11 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 10, above.

12. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Dr. Fiallo denies each and every allegation contained in paragraph 13 of the complaint, including all lettered subparagraphs.

14. Dr. Fiallo denies each and every allegation contained in paragraph 14 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

15. In response to the allegations contained in paragraph 15 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 14, above.

16. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Dr. Fiallo denies each and every allegation contained in paragraph 17 of the complaint, including all lettered subparagraphs.

18. Dr. Fiallo denies each and every allegation contained in paragraph 18 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

19. In response to the allegations contained in paragraph 19 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 18, above.

20. Dr. Fiallo denies each and every allegation contained in paragraph 20 of the complaint.

Dr. Fiallo denies that plaintiff Michael Chattelle is entitled to the relief sought in his "WHEREFORE" paragraph, or any relief whatsoever.

21. In response to the allegations contained in paragraph 21 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 20, above.

22. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Dr. Fiallo denies each and every allegation contained in paragraph 25 of the complaint, including all lettered subparagraphs.

26. Dr. Fiallo denies each and every allegation contained in paragraph 26 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

27. In response to the allegations contained in paragraph 27 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 26, above.

28. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31. Dr. Fiallo denies each and every allegation contained in paragraph 31 of the complaint, including all lettered subparagraphs.

32. Dr. Fiallo denies each and every allegation contained in paragraph 32 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

33. In response to the allegations contained in paragraph 33 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 32, above.

34. Dr. Fiallo denies each and every allegation contained in paragraph 34 of the complaint.

Dr. Fiallo denies that plaintiff Michael Chattelle is entitled to the relief sought in his "WHEREFORE" paragraph, or any relief whatsoever.

35. In response to the allegations contained in paragraph 35 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 34, above.

36. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint, including all lettered subparagraphs.

38. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

39. In response to the allegations contained in paragraph 39 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 38, above.

40. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint.

41. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint, including all lettered subparagraphs.

42. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

43. In response to the allegations contained in paragraph 43 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 42, above.

44. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

Dr. Fiallo denies that plaintiff Michael Chattelle is entitled to the relief sought in his "WHEREFORE" paragraph, or any relief whatsoever.

45. In response to the allegations contained in paragraph 45 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 44, above.

46. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint.

49. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint, including all lettered subparagraphs.

50. Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

51. In response to the allegations contained in paragraph 51 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 50, above.

52.    Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53.    Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint.

54.    Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint.

55.    Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint, including all lettered subparagraphs.

56.    Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint.

Dr. Fiallo denies that plaintiff Rosemary Chattelle is entitled to the relief sought in her "WHEREFORE" paragraph, or any relief whatsoever.

57.    In response to the allegations contained in paragraph 57 of the complaint, Dr. Fiallo adopts by reference his responses contained in paragraphs 1 through 56, above.

58.    Dr. Fiallo is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the complaint.

Dr. Fiallo denies that plaintiff Michael Chattelle is entitled to the relief sought in his "WHEREFORE" paragraph, or any relief whatsoever.

WHEREFORE, Dr. Fiallo demands judgment in his favor, with costs.

## SECOND DEFENSE

This is an action for error, malpractice, or mistake brought against providers of health care within the meaning of Mass. Gen. Laws c. 231, § 60B. Dr. Fiallo demands that this action be referred to the Superior Court Department of the Trial Court of the Commonwealth of

Massachusetts for a medical malpractice tribunal hearing pursuant to the provisions of that statute.  See Feinstein v. Massachusetts General Hosp., 643 F.2d 880, 885-87 (1st Cir. 1981).

### THIRD DEFENSE

The damage, if any, sustained by the plaintiffs was caused by the acts and/or omissions of third parties for whose conduct Dr. Fiallo is not legally responsible.

### FOURTH DEFENSE

This action is barred by the applicable statutes of limitations and repose.

### FIFTH DEFENSE

Each count of the complaint fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

The negligence of the plaintiffs contributed to their damage, if any, and recovery in this action should be barred or diminished in accordance with the provisions of Mass. Gen. Laws c. 231, § 85.

### SEVENTH DEFENSE

Any recovery in this case is limited pursuant to the provisions of Mass. Gen. Laws c. 231, §§ 60G and 60H.

### EIGHTH DEFENSE

Venue in this action is inconvenient and, pursuant to 28 U.S.C. § 1404(a) and LR, D.Mass. 40.1(F), should be transferred to the United States District Court for the District of Massachusetts, Western Division.

## JURY DEMAND

DEFENDANT, VIRIATO M. FIALLO, M.D., DEMANDS A TRIAL BY JURY.

The Defendant
VIRIATO M. FIALLO, M.D.
By His Attorneys:

Dated: December 4, 2003

_____
Michael H. Burke
 BBO No. 065400
Christopher J. Scott
 BBO No. 640750
Bulkley, Richardson and Gelinas, LLP
1500 Main Street - Suite 2700
P.O. Box 15507
Springfield, MA 01115
(413) 781-2820; (413) 272-6803 Fax

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on December 4, 2003.

_____
Michael H. Burke