UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSEMARY CHATTELLE and )
MICHAEL CHATTELLE, )
*Plaintiffs* )
)
vs. ) C.A. NO.: 03-12239-MAP
)
VIRIATO M. FIALLO, M.D., )
BAYSTATE MEDICAL CENTER, )
HUBBARD REGIONAL HOSPITAL, )
LUIGI QUERUSIO, M.D., )

## ANSWER AND JURY CLAIM OF THE DEFENDANT, LUIGI QUERUSIO, M.D.

### FIRST DEFENSE

The defendant, Luigi Querusio, M.D., responds to the allegations contained in the plaintiffs' complaint, paragraph by paragraph, as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. The defendant admits the allegations contained in paragraph 6 of the complaint.

7. No answer is required to this paragraph as it is jurisdictional in nature. By way of further answer, the defendant says that 28 U.S.C. §1391 speaks for itself.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.     The defendant denies the allegations contained in paragraph 10 of the complaint.

### COUNT I

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

### COUNT II

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

### COUNT III

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

### COUNT IV

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

### COUNT V

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

### COUNT VI

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

### COUNT VII

35.     The defendant incorporates by reference its answers to the preceding paragraphs to the plaintiffs' complaint as if fully set forth herein.

36.     The defendant admits that on the dates alleged in the plaintiffs' complaint, he was a physician licensed to practice medicine in the Commonwealth of Massachusetts. He denies however that he made any specific warranties or representations to the plaintiff.

37a.-e. The defendant denies the allegations contained in paragraph 37 of the plaintiffs' complaint. By way of further answer, the defendant denies that he specialized in emergency medicine on the dates alleged in the plaintiffs' complaint.

38.     The defendant denies the allegations contained in paragraph 38 of the complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to judgment in any amount.

## COUNT VIII

39. The defendant incorporates by reference its answers to the preceding paragraphs to the plaintiffs' complaint as if fully set forth herein.

40. The defendant admits that on the dates alleged in the plaintiffs' complaint, he was a physician licensed to practice medicine in the Commonwealth of Massachusetts. He denies however that he made any specific warranties or representations to the plaintiff.

41a.-e. The defendant denies the allegations contained in paragraph 37 of the plaintiffs' complaint. By way of further answer, the defendant denies that he specialized in emergency medicine on the dates alleged in the plaintiffs' complaint.

42. The defendant denies the allegations contained in paragraph 42 of the complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to judgment in any amount.

## COUNT IX

43. The defendant incorporates by reference its answers to the preceding paragraphs to the plaintiffs' complaint as if fully set forth herein.

44. The defendant denies the allegations contained in paragraph 44 of the complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to judgment in any amount.

## COUNT VII[sic]

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

## COUNT XI[sic]

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

## COUNT XII[sic]

No answer is required to this count as it relates to another defendant. To the extent the allegations in this count are intended to relate to Luigi Querusio, M.D. they are denied.

## SECOND DEFENSE

By way of affirmative defense, the defendant says that the action is barred by the applicable statute of limitations.

## THIRD DEFENSE

The defendant denies each and every allegation of the complaint except as specifically admitted above.

## FOURTH DEFENSE

By way of affirmative defense, the defendant states that the complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

By way of affirmative defense, the defendant says that the complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue.

## SIXTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant says that the negligence of the plaintiffs was greater than the alleged negligence of the defendant and that such negligence of the plaintiffs contributed to their alleged injury and, therefore, the plaintiffs are barred from recovery under M.G.L.c. 231, Section 85.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from the defendant should be reduced in proportion to the said negligence of the plaintiffs in accordance with M.G.L.c. 231, Section 85.

### NINTH DEFENSE

The defendant states that said injuries were caused by the intervening and/or superseding acts of third persons for which the defendant is not liable.

### TENTH DEFENSE

Pursuant to G.L.c 231, Section 60B (Chapter 362 of the Acts of 1975), it is requested that a tribunal be convened within 15 days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

### ELEVENTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff, Rosemary Chattelle underwent the medical procedures alleged, she did so after she was fully informed and cognizant of any alternatives, risks, complications, and uncertainties involved with these procedures, and that the plaintiff exercised her informed consent to the performance of these procedures.

### TWELFTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs are not entitled to recover as they have failed to mitigate their damages.

### THIRTEENTH DEFENSE

By way of affirmative defense, the defendant says that he is immune from liability pursuant to M.G.L. c. 258.

### JURY CLAIM

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

The Defendant,

By his Attorneys,
**MORRISON, MAHONEY & MILLER, LLP**

_____
Brent A. Tingle, Esquire, BBO #559974
One Chestnut Place, Ste. 470
Worcester, MA 01608
(508) 757-7777