UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12238NG

03-12239-W6Y

ROSEMARY CHATTELLE,
MICHAEL CHATTELLE,
    Plaintiffs

v.

VIRIATO M. FIALLO, M.D.;
BAYSTATE MEDICAL CENTER;
HUBBARD REGIONAL HOSPITAL;
LUIGI QUERUSIO, M.D.,
    Defendants

ANSWER OF DEFENDANT HUBBARD REGIONAL HOSPITAL,
PROPERLY HUBBARD REGIONAL HOSPITAL, INC.
TO PLAINTIFFS' COMPLAINT;
DEFENDANT'S DEMAND FOR JURY TRIAL

The Defendant Hubbard Regional Hospital, properly Hubbard Regional Hospital, Inc., answers to Plaintiffs' Complaint as follows:

1. The Defendant is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶1 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

2. The Defendant is without knowledge or information at this time sufficient to admit or to deny the allegations, including the allegation as to capacity, within ¶2 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

3. The allegations within ¶3 of Plaintiffs' Complaint apply to a defendant other than this Defendant and thus do not call for a response by this Defendant.

4. The allegations within ¶4 of Plaintiffs' Complaint apply to a defendant other than this Defendant and thus do not call for a response by this Defendant.

5. The Defendant admits only that it is a not-for-profit corporation organized under M.G.L. 180 for a charitable purpose and that its facility is, and was, licensed by the Commonwealth as a hospital at the address as alleged, and denies any remaining



Chattelle v. Hubbard Regional Hospital, Inc., et al   2
Answer of Defendant Hubbard Regional Hospital, Properly
Hubbard Regional Hospital, Inc. to Plaintiffs' Complaint; Defendant's
Demand for Jury Trial

allegations.

6. The allegations within ¶6 of Plaintiffs' Complaint apply to a defendant other than this Defendant and thus do not call for a response by this Defendant.

7. The Defendant is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶7 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

8. The Defendant is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶8 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

9. The Defendant is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶9 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

10. To the extent the allegations within ¶10 are intended to apply to, and/or through to, this Defendant, the Defendant denies the allegations.

## COUNT I

Count I, ¶¶ 11 through 14, of Plaintiffs' Complaint apply to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT II

Count II, ¶¶ 15 through 18, of Plaintiffs' Complaint applies to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT III

Count III, ¶¶ 19 through 20, of Plaintiffs' Complaint apply to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT IV

Count IV, ¶¶ 21 through 26, of Plaintiffs' Complaint apply to a defendant other than this Defendant and thus does not call for a response by this Defendant.

Chattelle v. Hubbard Regional Hospital, Inc., et al                    3
Answer of Defendant Hubbard Regional Hospital, Properly
Hubbard Regional Hospital, Inc. to Plaintiffs' Complaint; Defendant's
Demand for Jury Trial

## COUNT V

Count V, ¶¶ 27 through 32, of Plaintiffs' Complaint applies to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT VI

Count VI, ¶¶ 33 through 34, of Plaintiffs' Complaint applies to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT VII

Count VII, ¶¶ 35 through 38, of Plaintiffs' Complaint applies to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT VIII

Count VIII, ¶¶ 39 through 42 of Plaintiffs' Complaint applies to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT IX

Count IX, ¶¶ 43 through 44, of Plaintiffs' Complaint applies to a defendant other than this Defendant and thus does not call for a response by this Defendant.

## COUNT VII (sic)

45. The Defendant repeats and reavers, and incorporates by reference herein as if fully set forth herein, its answers above to ¶¶ 1 through 44 of Plaintiffs' Complaint.

46. The Defendant admits only that in February of 2001 it was a not-for-profit corporation organized under M.G.L.180 for a charitable purpose and was licensed by and through the Commonwealth as a hospital facility for the provision of hospital services to the public, and denies any remaining allegations.

47. The Defendant denies the allegations within ¶47 of Plaintiffs' Complaint.

48. The Defendant denies that it provides medical care and treatment as it is not a licensed as a physician and is without knowledge or information at this time sufficient to admit or to deny the remaining allegations within ¶48 and therefore denies the allegations

Chattelle v. Hubbard Regional Hospital, Inc., et al                                    4
Answer of Defendant Hubbard Regional Hospital, Properly
Hubbard Regional Hospital, Inc. to Plaintiffs' Complaint; Defendant's
Demand for Jury Trial

and calls upon Plaintiffs to prove the allegations.

49. The Defendant denies the allegations within ¶49 of Plaintiffs' Complaint.

50. The Defendant denies the allegations within ¶50 of Plaintiffs' Complaint.

WHEREFORE the Defendant denies that Plaintiffs have any cause of action against it, denies that Plaintiffs are entitled to any of the relief sought, and moves for the dismissal of Count VII (sic) of Plaintiffs' Complaint or in the alternative for entry of judgment in favor of this Defendant.

## COUNT XI

51. The Defendant repeats and reavers, and incorporates by reference herein as if fully set forth herein, its answers above to ¶¶ 1 through 50 of Plaintiffs' Complaint.

52. The Defendant admits only that it is a not-for-profit corporation organized under G.L.c.180 for a charitable purpose and that its facility is a licensed hospital facility for the provision of such services, but denies that it provides medical treatment and services as it is not a licensed physician.

53. The Defendant denies that it held itself out in any particular manner and denies that it held itself out in the manner as characterized by Plaintiffs.

54. The Defendant states that it is a not-for-profit corporation organized under M.G.L.c. 180 for a charitable purpose and that its facility was, and is, licensed by the Commonwealth as a hospital facility to provide services as such, and denies any allegations to the contrary; the Defendant is without knowledge or information at this time sufficient to admit or to deny the remaining allegations, and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

55. The Defendant denies the allegations within ¶55 of Plaintiffs' Complaint.

56. The Defendant denies the allegations within ¶56 of Plaintiffs' Complaint.

WHEREFORE the Defendant denies that Plaintiffs have any cause of action against it, denies that Plaintiffs are entitled to any of the relief sought, and moves for the dismissal of Count XI of Plaintiffs' Complaint or in the alternative for entry of judgment in favor of the Defendant.

Chattelle v. Hubbard Regional Hospital, Inc., et al                                        5
Answer of Defendant Hubbard Regional Hospital, Properly
Hubbard Regional Hospital, Inc. to Plaintiffs' Complaint; Defendant's
Demand for Jury Trial

## COUNT XII

57. The Defendant repeats and reavers, and incorporates by reference herein as if fully set forth herein, its answers above to ¶¶ 1 through 56 of Plaintiffs' Complaint.

58. The Defendant denies the allegations within ¶58 of Plaintiffs' Complaint.

WHEREFORE the Defendant denies that Plaintiffs have any cause of action against it, denies that Plaintiffs are entitled to any of the relief sought, and moves for the dismissal of Count XII of Plaintiffs' Complaint or in the alternative for entry of judgment in favor of the Defendant.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiffs' Complaint, and each count thereof, as against this Defendant must be dismissed for failure to state a cause of action upon which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P.

Second Affirmative Defense

Count II of Plaintiffs' Complaint must be dismissed for failure to state a cause of action upon which relief may be granted as said count is repetitive of, and is repetitive as to damages sought within, Count I. Rule 12(b)(6), Fed. R. Civ. P.

Third Affirmative Defense

There is a lack of jurisdiction over the subject matter of this Complaint. Rule 12(b)(1), Fed. R. Civ. P.

Fourth Affirmative Defense

There is a lack of jurisdiction over the person. Rule 12(b)(2), Fed. R. Civ. P.

Fifth Affirmative Defense

There is a misnomer of the Defendant, which properly is Hubbard Regional Hospital, Inc.

Sixth Affirmative Defense

Chattelle v. Hubbard Regional Hospital, Inc., et al   6
Answer of Defendant Hubbard Regional Hospital, Properly
Hubbard Regional Hospital, Inc. to Plaintiffs' Complaint; Defendant's
Demand for Jury Trial

The Defendant is, and at all relevant times was, a not-for-profit corporation organized under M.G.L. 180 for a charitable purpose and at all times and in manners relevant to Plaintiffs' Complaint was acting in furtherance of said charitable purpose, such that the provisions of M.G.L.c. 231, §§ 85K operate to limit recovery, if any, to twenty thousand dollars plus interest and costs.

Seventh Affirmative Defense

The provisions of M.G.L.c. 231, §60B are applicable to this case.

Eighth Affirmative Defense

The provisions of M.G.L.c. 231, §§ 60G and 60H are applicable to this action.

Ninth Affirmative Defense

Each Plaintiff was her/himself negligent so as to reduce and/or bar recovery, if any, in this action.

Tenth Affirmative Defense

Each Plaintiff, having been informed of the risks, benefits, potential consequences, alternatives, options, procedures, medications, care, treatment and/or decisions involved and/or available, consented and provided informed consent.

Eleventh Affirmative Defense

The Defendant preserves the affirmative defense of failure to commence this action within the applicable statute(s) of limitations and/or repose.

Twelfth Affirmative Defense

The conduct of each Plaintiff and/or of a third party was an independent intervening cause that resulted in a lack of causal relationship between the alleged negligence of this Defendant and the injuries and/or damages alleged by Plaintiffs.

Thirteenth Affirmative Defense

The Defendant did not and does not have any agent, servant and/or employee who was

Chattelle v. Hubbard Regional Hospital, Inc., et al                                                          7
Answer of Defendant Hubbard Regional Hospital, Properly
Hubbard Regional Hospital, Inc. to Plaintiffs' Complaint; Defendant's
Demand for Jury Trial

negligent.

Fourteenth Affirmative Defense

The Defendant did not, and does not, have any agent, servant and/or employee for whose conduct it was responsible on or about the dates and/or under the circumstances alleged within Plaintiffs' Complaint.

Fifteenth Affirmative Defense

The injuries and/or damages alleged by Plaintiffs were caused, if at all, by the conduct of a third party for whose conduct this Defendant is not and was not responsible.

Sixteenth Affirmative Defense

The Defendant reserves the right to raise such additional affirmative defenses as become known and/or available during the course of this action.

### DEMAND FOR JURY TRIAL

The Defendant demands trial by jury.

        Respectfully submitted
        Hubbard Regional Hospital,
        Properly Hubbard Regional Hospital, Inc.
        by counsel,

        _____
        Martin C. Foster
        B.B.O. #175860
        Joan Eldridge
        B.B.O. #152720
        Foster & Eldridge
        955 Massachusetts Avenue
        Cambridge, MA 02139
        Telephone: (617) 492-5800

Date: [illegible]

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each party by mail/by fax/by hand on [illegible].

_____ (signature)