FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC 30 A 10: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROSEMARY CHATTELLE,<br>MICHAEL CHATTELLE,<br><br>Plaintiffs,<br><br>v.<br><br>VIRIATO M. FIALLO, M.D.,<br>BAYSTATE MEDICAL CENTER [sic],<br>HUBBARD REGIONAL HOSPITAL,<br>LUIGI QUERUSIO, M.D.<br><br>Defendants. | C.A. NO. 03-12239-WGY |

## MOTION OF DEFENDANTS, VIRIATO M. FIALLO M.D. AND BAYSTATE MEDICAL CENTER [sic], TO TRANSFER ACTION TO THE WESTERN DIVISION

Pursuant to 28 U.S.C. § 1404(a) and Local Rule 40.1(F), defendants, Viriato M. Fiallo, M.D. ("Dr. Fiallo") and Baystate Medical Center [sic] ("BMC"), respectfully move this Court to transfer the above-captioned action to the United States District Court For the District of Massachusetts, Western Division, or in the alternative to the United States District Court For the District of Massachusetts, Central Division. As set forth in greater detail below, this motion should be allowed because the Western and Central divisions are more convenient forums for the parties and witnesses in this case. In addition, the claims underlying plaintiffs' complaint allegedly occurred in both the Western and Central divisions. Thus, evidence relating to this case is more likely to be found in those divisions. Simply put, this case has no connection with, and there is no compelling reason to litigate this case in, the Eastern Division.

## PROCEDURAL HISTORY

On or about November 11, 2003, plaintiffs Rosemary and Michael Chattelle filed the instant medical malpractice action in the United States District Court For the District of Massachusetts, Eastern Division. Plaintiff Rosemary Chattelle asserts claims of negligence and negligent infliction of emotional distress against defendants Dr. Fiallo, BMC, Luigi Querusio, M.D. ("Dr. Querusio"), and Hubbard Regional Hospital ("HRH"). Plaintiff Michael Chattelle asserts a claim of loss of consortium against the same defendants.

The plaintiffs are residents of Woodstock, Connecticut. See Plaintiffs' Complaint, ¶¶ 1-2, at 1. For purposes of venue, both Dr. Fiallo and BMC are residents of Springfield, Massachusetts. Dr. Querusio is a resident of Milford, Massachusetts. See Plaintiffs' Complaint, ¶ 6, at 1. HRH is a resident of Webster, Massachusetts. See Plaintiffs' Complaint, ¶ 5, at 1. Plaintiffs assert that the jurisdiction of this Court is based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1391. See Plaintiffs' Complaint, ¶ 7, at 2. Defendants Dr. Fiallo and BMC now move to transfer this case to the Western Division in Springfield, Massachusetts, or in the alternative to the Central Division in Worcester, Massachusetts.

## ARGUMENT

The general venue statute provides, in relevant part, that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . .

28 U.S.C. § 1391(a). Further, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). In this case, it appears that plaintiffs have satisfied the

2

criteria of 28 U.S.C. § 1391 to the extent that the plaintiffs reside in Connecticut, all of the defendants reside in Massachusetts, and the alleged acts or omissions underlying the plaintiffs' claims in this case occurred in Massachusetts.

Federal law also provides, however, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a). In addition, the Local Rules of United States District Court for the District of Massachusetts provide that "[a]ny case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned." LR, D.Mass. 40.1(F). Thus, "[a] party may transfer a case to another division under (1) Local Rule 40.1(F) for good cause shown and (2) under 28 U.S.C. 1404(a) when it is in the interest of justice or a more convenient forum for the parties and witnesses." Baxter v. Conte, 190 F. Supp. 2d 123, 130 (D.Mass. 2001), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). The decision of whether to transfer a case to a different forum under 28 U.S.C. 1404(a) is a matter within the discretion of the court. See Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 362 (D.Mass. 2002). This Court should exercise its discretion and transfer this case to the Western Division, or in the alternative to the Central Division, because this case could have been originally brought in either of these divisions, and both divisions are more convenient forums for the parties and witnesses involved in this case.

Although there is a presumption in favor of the plaintiffs' choice of forum, that presumption may be overcome when the balance of private and public factors weigh in favor of trial in the alternative forum. See Atari, 211 F. Supp. 2d at 362, citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Private interests include: (1) the convenience of the parties;

3

(2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) any practical problems associated with trying the case most expeditiously and inexpensively. Atari, 211 F. Supp. 2d at 362, citing Piper, 454 U.S. at 241 n.6.

Public interests include: (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflicts of laws, (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion. Id.

Of all of the factors, public and private, identified above, convenience of witnesses has been cited as "probably the most important factor" for a court to consider. See 15 Charles Alan Wright et al., Federal Practice and Procedure § 3851, at 415 (2nd ed. 1986); accord Atari, 211 F. Supp. 2d at 362. Here, the court in the plaintiffs' chosen forum, the Eastern Division (Boston), is approximately 71 miles distant from Woodstock, Connecticut; 89 miles distant from Springfield, Massachusetts; 57 miles distant from Webster, Massachusetts; and 38 miles distant from Milford, Massachusetts. On the other hand, the court in the Western Division (Springfield) is approximately 49 miles distant from Woodstock; 57 miles distant from Webster; and 71 miles distant from Milford. By comparison the court in the Central Division (Worcester) is 26 miles distant from Woodstock; 51 miles distant from Springfield; 17 miles distant from Webster; and 31 miles distant from Milford.

Thus, based on the total number of miles the parties must collectively travel to reach the court in the Eastern Division, transfer of this case to the Western Division, or in the alternative to the Central Division, would be more convenient for the parties in this case. This is particularly

4

relevant where the parties will also likely appear as witnesses at trial. Similarly, transfer to the Western Division, or in the alternative the Central Division, will also be more convenient for any fact witnesses identified in this case who are likely to reside in the same geographic locations as the plaintiffs and defendants. Less travel for the parties and witnesses also means less time spent and fewer costs incurred litigating this case. Moreover, because the plaintiffs' claims against Dr. Fiallo and BMC allegedly arise out of acts or omissions by the defendants that occurred within the Western Division, transferring this case to the Western Division will likely facilitate the access to sources of proof including witnesses and medical, radiological, and laboratory records. Cf. Baxter, 190 F. Supp. 2d at 130 (motion to transfer case from the Central Division denied where the parties, witnesses and evidence were all located within the Central Division). The same logic applies in support of transfer of this case to the Central Division because the claims asserted against defendants Luigi Querusio, M.D. and Hubbard Regional Hospital allegedly arise out of acts or omissions that occurred within the Central Division. This case simply has no connection, factually or otherwise, with the plaintiffs' chosen forum in the Eastern Division.

Further, transferring the case to the Western Division, or in the alternative to the Central Division, will not prejudice the plaintiffs because it will not change the law applicable to the plaintiffs' chosen forum (i.e. Massachusetts law will still apply), nor will it create a conflict of laws issue. Indeed, transferring the case to the Western Division, or in the alternative to the Central Division, will further the goal of satisfying the local interest in having a localized controversy decided at home, and, therefore, would not unfairly burden citizens in those divisions with jury duty, should it become necessary.

## CONCLUSION

For all of the foregoing reasons, Dr. Fiallo and BMC respectfully request that this Court transfer this case to the United States District Court For the District of Massachusetts, Western Division, in Springfield, Massachusetts, or in the alternative to the United States District Court For the District of Massachusetts, Central Division, in Worcester, Massachusetts.

                                              The Defendants
VIRIATO M. FIALLO, M.D. and
BAYSTATE MEDICAL CENTER [sic]
By Their Attorneys:

Dated: December 29, 2003

_____
Michael H. Burke
BBO No. 065400
Christopher J. Scott
BBO No. 640750
Bulkley, Richardson and Gelinas, LLP
1500 Main Street - Suite 2700
P.O. Box 15507
Springfield, MA 01115
(413) 781-2820; (413) 272-6803 Fax

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on December 29, 2003.

_____
Christopher J. Scott