UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE, )<br>MICHAEL CHATTELLE, )<br>      Plaintiffs, )<br>      v. )<br>VIRIATO M. FIALLO, M.D; )<br>BAYSTATE MEDICAL CENTER; )<br>HUBBARD REGIONAL )<br>HOSPITAL; )<br>LUIGI QUERUSIO, M.D. )<br>      Defendants. )<br>_____) | C.A. NO. 03-12239-WGY |

**PLAINTIFFS' OPPOSITION TO MOTION OF THE DEFENDANT, VIRIATO M. FIALLO, M.D., TO COMPEL PRODUCTION OF EXECUTED AUTHORIZATIONS FOR RELEASE OF OUT OF STATE MEDICAL RECORDS AND EMPLOYMENT RECORDS**

This case involves the negligent care and treatment rendered by the Defendants to the Plaintiff. In summary, the Plaintiff was diagnosed with a rectal vaginal fistula. She was subsequently treated by the Defendants who failed to recognize and properly treat her condition leading to extensive infections and multiple corrective surgical procedures.

As the Defendant Dr. Fiallo's motion indicates, the Plaintiff, a Connecticut resident, received medical care in Connecticut. What the Defendant's motion does not however provide is the fact that Plaintiff's counsel has already provided all requested medical records and bills certified by each respective medical provider on 01/23/06. Moreover, pursuant to the Defendant's request the Plaintiff also provided certified copies of her work records on January 30, 2006.

Plaintiff's counsel never provides executed authorization for any of their clients. The reason is that once these authorizations are signed by the client they may be used, and have been used by outside entities, to randomly and freely obtain what is otherwise privileged and private information protected by federal and state privacy laws.

Additionally, there have been instances where other opposing counsel in the past have used these authorizations as an invitation to an open a line of communication with Plaintiff's treating doctors. Medical providers are often confused about these authorizations and believe they are obligated to discuss these private matters with these individuals. Under these circumstances the doctors may inadvertently disclose materials irrelevant to the case or otherwise privileged. The only way to prevent this, is to insist that attorneys follow the rules of civil procedure to obtain these records.

Pursuant to our federal rules, the Defendant had the opportunity and still does to take the out of state record keeper deposition of any medical provider for records or testimony. Moreover, the Defendant could have sought a court order for this information if he truly believed it was necessary during the lengthy period of discovery.

However, now the Defendant, in its attempt to obtain records it already has, is demanding the court order the Plaintiff to sign authorizations that may very easily be used improperly. The Defendant is also requesting the court order the Plaintiff to pay for something they could have and should have been done months ago if the Defendant felt it was reasonably necessary. Routine discovery costs of a party should not be shifted to the opposing party.

For these reasons, the Defendant's motion should be denied. The Plaintiff would not oppose a motion by the Defendant for a court order allowing them to get these records after Plaintiff's counsel has had an opportunity to review the records for privileged materials pursuant to a court order. However, by ordering the Plaintiff to sign authorizations to be used exclusively by the Defendant without Plaintiff's counsel having an opportunity to review the records allows the Defendant to circumvent our rules of

practice. Nothing in Rule 26 or 34 requires the Plaintiff to sign an authorization nor entitle the Defendant to obtain one.

The Plaintiffs
By Their Attorneys

/s/ David P. Angueira
_____
Edward M. Swartz, BBO# 489540
David P. Angueira, BBO# 019610
SWARTZ & SWARTZ
10 Marshall Street
Boston, Massachusetts  02108
(617) 742-1900

Dated: January 31, 2006

## CERTIFICATE OF SERVICE

I, David P. Angueira, Esquire, do hereby certify that I have served a copy of the within *Plaintiffs' Opposition to Motion of the Defendant, Viriato M. Fiallo, M.D., to Compel Production of Executed Authorizations for Release of Out of State Medical Records and Employment* upon the Defendants by mailing same, first class mail, postage prepaid, to all counsel, to wit:

Michael H. Burke
Bulkley, Richardson & Gelinas, LLP
1500 Main Street Suite 2700
P.O. Box 15507
Springfield MA  01115

Brent A. Tingle, Esq.
Morrison, Mahoney & Miller, LLP
One Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA  01608

Joan Eldridge, Esq.
Foster & Eldridge
955 Massachusetts Avenue
Cambridge, MA  02139

/s/ David P. Angueira
_____
Dated: January 31, 2006                David P. Angueira BBO#019610