UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE, ) | |
| MICHAEL CHATTELLE, ) | C.A. NO. 03-12239-WGY |
|     Plaintiffs, ) | |
|     v. ) | |
| VIRIATO M. FIALLO, M.D; ) | |
| BAYSTATE MEDICAL CENTER; ) | |
| HUBBARD REGIONAL ) | |
| HOSPITAL; ) | |
| LUIGI QUERUSIO, M.D. ) | |
|     Defendants. ) | |
| _____) | |

**PLAINTIFFS' OPPOSITION TO MOTION OF THE DEFENDANT, VIRIATO M. FIALLO, M.D., TO COMPEL PRODUCTION OF EXECUTED AUTHORIZATIONS FOR RELEASE OF WORKERS' COMPENSATION RECORDS FROM STATE OF CONNECTICUT**

This case involves the negligent care and treatment rendered by the Defendants to the Plaintiff. In summary, the Plaintiff was diagnosed with a rectal vaginal fistula. She was subsequently treated by the Defendants who failed to recognize and properly treat her condition leading to extensive infections and multiple corrective surgical procedures.

Plaintiff's counsel never provides executed authorizations for any of their clients. The reason is that once these authorizations are signed by the client they may be used, and have been used by outside entities, to randomly and freely obtain what is otherwise privileged and private information protected by federal and state privacy laws.

Additionally, there have been instances where other opposing counsel in the past have used these authorizations as an invitation to an open a line of communication with a outside entity or agency. Agencies are often confused about these authorizations and believe they are obligated to discuss private matters regarding the Plaintiff with these individuals who have these authorizations. Under these circumstances the agencies may inadvertently disclose materials and information irrelevant to the case or otherwise

privileged.  The only way to prevent this is to insist that attorneys follow the rules of civil procedure to obtain these records.

Pursuant to our federal rules, the Defendant had the opportunity and still does to take the out of state record keeper deposition of any such agency for records or testimony.  Moreover, the Defendant could have sought a court order for this information if he truly believed it was necessary during the lengthy period of discovery.

For these reasons, the Defendant's motion should be denied.  The Plaintiff would not oppose a motion by the Defendant for a court order allowing them to get these records after Plaintiff's counsel has had an opportunity to review the records for privileged materials pursuant to a court order.  However, by ordering the Plaintiff to sign authorizations to be used exclusively by the Defendant without Plaintiff's counsel having an opportunity to review the records allows the Defendant to circumvent our rules of practice and may allow for the inadvertent disclosure of privileged information.  Nothing in Rule 26 or 34 requires the Plaintiff to sign an authorization nor entitle the Defendant to obtain one. In any event, the Plaintiff has requested these records and will agree to provide all non-privileged materials once they are produced by the agency.

The Plaintiffs
By Their Attorneys

/s/ David P. Angueira
_____
Edward M. Swartz, BBO# 489540
David P. Angueira, BBO# 019610
SWARTZ & SWARTZ
10 Marshall Street
Boston, Massachusetts  02108
(617) 742-1900

Dated: February 15, 2006

**CERTIFICATE OF SERVICE**

      I, David P. Angueira, Esquire, do hereby certify that I have served a copy of the within *Plaintiffs' Opposition to Motion of the Defendant, Viriato M. Fiallo, M.D., to Compel Production of Executed Authorizations for Release of Workers' Compensation Records From State of Connecticut* upon the Defendants by mailing same, first class mail, postage prepaid, to all counsel, to wit:

Michael H. Burke
Bulkley, Richardson & Gelinas, LLP
1500 Main Street Suite 2700
P.O. Box 15507
Springfield MA  01115

Brent A. Tingle, Esq.
Morrison, Mahoney & Miller, LLP
One Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA  01608

Joan Eldridge, Esq.
Foster & Eldridge
955 Massachusetts Avenue
Cambridge, MA  02139

Kevin C. Reidy, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114

                                                          /s/ David P. Angueira
                                                          _____

Dated: February 15, 2006                David P. Angueira BBO#019610