UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE,<br>MICHAEL CHATTELLE,<br>    Plaintiffs<br><br>vs.<br><br>VIRIATO M. FIALLO, M.D.;<br>HUBBARD REGIONAL HOSPITAL and<br>LUIGI QUERUSIO, M.D.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 03-12239 MAP<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND TRIAL BRIEF OF DEFENDANT, VIRIATO M. FIALLO, M.D., PURSUANT TO LOCAL RULE 16.5

I.  Agreed Facts

The defendant, Viriato M. Fiallo, M.D., agrees that at all relevant times he was a physician licensed to practice medicine in the Commonwealth of Massachusetts and that he practiced as a general surgeon.

The defendant does not agree to any other facts.

II. Proposed Concise Statement of the Case

Counsel for Dr. Fiallo proposes the following:

"This is a civil action in which the plaintiffs, Rosemary and Michael Chattelle, have claimed that the defendants, Viriato M. Fiallo, M.D., and Luigi Querusio, M.D., were negligent in the care and treatment of Rosemary Chattelle. The plaintiffs claim that Rosemary Chattelle has suffered permanent personal injury as a result. The claim by Michael Chattelle is for alleged loss of consortium.

The defendant, Viriato M. Fiallo, M.D., states that at all relevant times he complied with the appropriate standard of care and that nothing he did or is alleged not to have done caused the plaintiffs' alleged injuries. The defendant, Luigi Querusio, M.D., states that at all relevant times he complied with the appropriate standard of care and that nothing he did or is alleged not to

have done caused the plaintiffs' alleged injuries. The subsequent medical course and complications experienced by Mrs. Chattelle were merely an unfortunate medical result and not the result of any negligence.

This case involves allegations relating to colostomy reversal surgery and the development of subsequent infection and complications."

III.     Expected Evidence of the Defendant, Viriato M. Fiallo, M.D.

The defendant, Viriato M. Fiallo, M.D., expects to present evidence regarding his training, education and experience. The defendant has denied that he was negligent in any way. Dr. Fiallo has denied that any negligent conduct by him caused or contributed to the plaintiffs' alleged injuries. The defendant, Viriato Fiallo, M.D., expects the evidence to show the following:

In November 2000, Dr. Viriato Fiallo was a general surgeon practicing at Baystate Medical Center. The plaintiff, Rosemary Chattelle, was referred to Dr. Fiallo by Dr. Leroy Charles for evaluation of a recto-vaginal fistula. Dr. Fiallo first met Mrs. Chattelle on November 3, 2000. Mrs. Chattelle underwent a recto-vaginal fistula repair performed by Dr. Charles on December 31, 2000 at the Baystate Medical Center. In conjunction with that surgery, Dr. Fiallo performed a diverting colostomy, so that the area would be allowed to heal. On February 1, 2001, Mrs. Chattelle was re-admitted to Baystate Medical Center for reversal of the previous colostomy. The surgical procedure was performed by Dr. Fiallo without complications. Subsequently, Mrs. Chattelle began to exhibit signs of infection. Over the next several days the patient was closely followed and placed on antibiotics. On the morning of February 6, 2001, Dr. Fiallo examined the patient and noted redness and induration around the umbilicus drawing. The

wound was explored at bedside under conscious sedation. Foul smelling fluid and nonviable fat was noted. There was no fasciitis. The wound was irrigated and packed with Kaltostat.

On the morning of February 7, 2001, erythema and induration were noted to be improved. The antibiotics were changed. On the morning of February 8, 2001, an increase in the area of erythema around the wound was noted and surgical exploration of the abdominal wall was initiated by Dr. Fiallo. The patient was observed to have necrosis of the fat, fascia and muscle involving the rectus muscle from the muscular insertion to the level of the costal margin. The necrosis extended and involved part of the external oblique to above the anterior axillary line. The base between the external and internal oblique was easily opened and was full of pus. Subcutaneous infection extended to the midline above the epigastric region and came around the umbilicus. The axrectus muscle appeared to be spared. The rectus muscle below the incision for the closure of the colostomy was also spared. Exploration of the abdominal cavity revealed normal bowel with no purulent material or ascites in the peritoneum. The anastamosis looked completely intact with no evidence of leakage. Pathological evaluation of tissue removed at the time of surgery confirmed the presence of necrotizing fasciitis. Cultures obtained in the Operating Room showed a light growth of mixed bacterial pathogens including E. coli and enterococcus.

The following day, the patient returned to surgery for further exploration of her wound and additional resection of damaged tissue. Mrs. Chattelle underwent further management of her abdominal wall by Dr. Timothy Emhoff, a plastic surgeon. Dr. Emoff noted that the patient was noted to have approximately 10 x 20 cm. defect. The defect was noted to encompass both muscle and deep fascia. No intra-abdominal infection or process was noted. Over the next several days, Mrs. Chattelle's course continued to stabilize and she was discharged to a

transitional care unit at the Hubbard Hospital charged for further rehabilitative care on February 24, 2001. Dr. Fiallo had no further involvement in the treatment of Mrs. Chattelle once she was transferred from Baystate Medical Center.

     Dr. Fiallo will present expert medical testimony regarding his care and treatment of Mrs. Chattelle. The testimony is expected to be consistent with the answers to interrogatories, medical records, deposition testimony and expert disclosure. Dr. Fiallo will present evidence that he complied with the standard of care of the average qualified physician practicing in the specialty of general surgery when he cared and treated Rosemary Chattelle from November of 2000 through February of 2001. Dr. Fiallo will present evidence that he had the appropriate discussions with the patient regarding the potential risks and benefits of the proposed surgeries. The defendant expects the evidence to show that the patient was provided with the appropriate information regarding the surgeries and that there was no failure to obtain informed consent.

     Dr. Fiallo will present evidence that he utilized the appropriate surgical technique during the surgical procedures. Dr. Fiallo will present evidence that he performed the appropriate surgical procedures. Dr. Fiallo will present evidence that he appropriately monitored and appropriately treated Mrs. Chattelle's post operative wound infection. The occurrence of an infection under the circumstances of this case is not evidence of negligence. The defendant expects the evidence to show that there was no delay in the diagnosis or treatment of Mrs. Chattelle's infection. The defendant is expected to present evidence that he complied with the standard of care in the treatment and management of Mrs. Chattelle's infection. Dr. Fiallo is expected to present evidence regarding Mrs. Chattelle's medical condition as reflected in the Baystate Medical records. By the time that Mrs. Chattelle was discharged from Baystate Medical Center the patient's condition was stable, there were no signs of active infections and

there was no evidence of any problem with the anastamosis. No further treatment or testing was warranted, other than what was actually performed. Dr. Fiallo is expected to present evidence that he fully complied with the standard of care and that nothing he did or is alleged not to have done caused or contributed to Mrs. Chattelle's alleged injuries. Mrs. Chattelle's subsequent medical course and alleged injuries are merely an unfortunate medical result and not the result of any medical negligence. The complications experienced by the plaintiff were an unfortunate and unpreventable medical occurrence and not the result of any negligence.

The defendant, Viriato Fiallo, M.D., expects to call Stephen J. Ferzoco, M.D., to testify as an expert witness at the time of trial. Dr. Ferzoco is Board Certified in General Surgery and is licensed to practice medicine in the Commonwealth of Massachusetts. Dr. Ferzoco is expected to testify that Dr. Fiallo complied with the standard of care of the average qualified physician practicing in the specialty of general surgery. Dr. Ferzoco is anticipated to testify regarding the standard of care, causation, and/or damages of Rosemary Chattelle at times pertinent to this action. The specifics of Dr. Ferzoco's testimony are contained within his report that has previously been filed pursuant to Fed. R. Civ. P. 26(2)(B).

The defendant, Viriato Fiallo, M.D., also expects to call Philip C. Carling, M.D., to testify as an expert witness at the time of trial. Dr. Carling is Board Certified in Internal Medicine and Infectious Diseases and is licensed to practice medicine in the Commonwealth of Massachusetts. Dr. Carling is expected to testify that Dr. Fiallo complied with the standard of care of the average qualified physician under the circumstances of this case. Dr. Carling is expected to present evidence that the subsequent medical course of Mrs. Chattelle were not caused by any negligent conduct of Dr. Fiallo. Dr. Carling is anticipated to testify regarding the standard of care, causation, and/or damages of Rosemary Chattelle at times pertinent to this

action. The specifics of Dr. Carling's testimony are contained within his report that has previously been filed pursuant to Fed. R. Civ. P. 26(2)(B).

The defendant, through counsel, refers to the expert disclosure for additional evidence that is expected to be offered at the time of trial.

IV. <u>Proposed Witnesses of the Defendant, Viriato M. Fiallo, M.D.</u>

Counsel for the defendant, Viriato Fiallo, M.D., expects to call the following witnesses at the time of trial:

1) Rosemary Chattelle (Plaintiff)

2) Michael Chattelle (Plaintiff)

3) Viriato Fiallo, M.D. (Defendant)

4) Timothy Emhoff, M.D., 759 Chestnut Street, Springfield, MA.

5) Leroy Charles, M.D., Two Medical Center Drive, Springfield, MA.

6) Stephen Ferzoco, M.D. (expert)

7) Philip Carling, M.D. (expert)

V. <u>Proposed Exhibit List of the defendant, Viriato M. Fiallo, M.D.</u>

Counsel for the defendant, Viriato Fiallo, M.D., identifies the following as documents that may be offered into evidence at the time of trial:

1) Office records of Viriato Fiallo, M.D.;

2) Office records of Leroy Charles, M.D.

3) Baystate Medical Center records;

4) Hubbard Regional Hospital records;

5) Office records of Valley Women's Health Group;

6) Moldex records;

      7) Woodstock Medical Group records (Dr. Lau);

      8) Day Kimball Hospital records;

      9) Office records of Leonard Averill, M.D.

      10) Office records of Yunus Pothiawala, M.D.

## VI. Evidentiary Questions

The defendant, Viriato M. Fiallo, M.D., through counsel, objects to any expert witnesses or expert witness testimony that has not been disclosed at the time of the Fed. R. Civ. P. 26(2)(B) disclosure. The defendant, through counsel, objects to any expert testimony to be offered by Mildred Malloy and/or Sandra Gail-Epstein, Ph.D. At this time, it is unknown what testimony the plaintiffs may intend to offer through these witnesses.

## VII. Probable Length of Jury Trial

Trial is estimated to require 5-7 full days. This is a jury trial.

## VIII. Issues of Fact

The defendant, Viriato M. Fiallo, M.D., maintains that at all relevant times he complied with the standard of care of the average qualified physician practicing as a general surgeon when he cared and treated Rosemary Chattelle.

The defendant, Viriato M. Fiallo, M.D., maintains that nothing he did or is alleged not to have done caused or contributed to the injuries alleged by Mrs. Chattelle or her family.

The defendant, Viriato M. Fiallo, maintains that Mrs. Chattelle was provided with the appropriate information to make an informed decision regarding the medical procedures she underwent. The defendant maintains that Mrs. Chattelle provided her informed consent to the medical treatment provided by Dr. Fiallo.

- 8 -

The defendant, Viriato M. Fiallo, M.D., maintains that Mrs. Chattelle's subsequent medical course and complications were merely an unfortunate medical result and not the result of any negligent conduct by him.

IX.     Proposed Jury Instructions

The defendant, Viriato M. Fiallo, M.D., through his counsel submits the attached Request for Jury Instructions and Supplemental Request for Jury Instructions.

Respectfully submitted,

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorneys for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240

Dated:  November 1, 2006