UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE,<br>MICHAEL CHATTELLE,<br>    Plaintiffs<br><br>vs.<br><br>VIRIATO M. FIALLO, M.D.;<br>HUBBARD REGIONAL HOSPITAL, and<br>LUIGI QUERUSIO, M.D.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 03-12239 MAP<br>)<br>)<br>)<br>)<br>) |

REQUEST OF THE DEFENDANT, VIRIATO M. FIALLO, M.D., FOR JURY INSTRUCTIONS

Now comes the defendant, Viriato M. Fiallo, M.D., and through his counsel, requests that the following jury instructions be provided in this matter:

1. You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law of those facts as the court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The court, the parties and the public expect that you will carefully and impartially consider all evidence in the case, follow the law as stated by the court, and reach a just verdict free from all personal sympathies and prejudices. I am confident that you will meet these expectations.

    See 2 Devitt and Blackmar, §71.022, at 586.

2. There can be no justice when prejudice or ethnic bias influences your deliberations. Bias should play no role in your decision.

    See *Crocker v. Justices of Superior Court*, 208 Mass. 162, 179 (1911).

3. Sympathy is a very human characteristic which should be practiced by all of us in our everyday lives. It would be a pretty sad world without it. However, sympathy cannot be a factor in the courtroom or in the jury room during deliberations. Sympathy for or against a party or a party's family is irrelevant to the issues to be decided here, because sympathy is grounded in emotions and you are to concern yourselves with facts. Thus you are to rule out sympathy.

4.  You the jury are the exclusive judges of the facts in this case. Thus, with respect to each witness that is presented to you, you are entitled to accept everything the witness says, accept nothing that the witness says, or accept some of the witness' testimony and reject other portions of the testimony. It is entirely up to you. As you engage in this process when each witness and each item of evidence has been presented to you, at the close of the case you will then be in a position to determine that which you find to be the actual facts in the matter.

5.  As the exclusive judges of the facts in this case, your decision must be based entirely and only upon those facts as you find them. You cannot and must not consider anything that you may have heard from any person who does not know all of the facts, nor can you permit yourselves to be influenced by any other situation where you do not know all of the facts. You alone are the only experts on the facts of this case, and it is only upon those facts alone as you find them that you can and must base your opinion.

6.  The burden of proof is upon the plaintiffs to show affirmatively the right to recover any damages from the defendants. This burden of proof requires the plaintiffs to establish by a preponderance of the evidence those facts which I shall later point out to you are necessary in order to obtain any recovery.

7.  The plaintiffs have failed to maintain the burden of proof if on the whole evidence the question of the defendants' negligence is left to conjecture, surmise or speculation.

    *Bigwood v. Boston & Northern Street Railway*, 209 Mass. 345, 348 (1911)
    *Morris v. Weene*, 258 Mass. 178, 180 (1927)
    *Murphy v. Conway*, 360 Mass. 746, 749 (1972)

8.  The plaintiffs must prove every element of their case by a fair preponderance of the credible evidence. The weight or preponderance of evidence is its power to convince the tribunal which has the determination of the facts, of the actual truth of the proposition to be proved. After the evidence has been weighed, that proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may linger there. Another description of the state of mind, which is satisfied by a fair preponderance of the evidence, is a balance of probability in the favor of the plaintiffs.

    *Stepakoff v. Kantar*, 393 Mass. 836, 842-843 (1985)

9. The mere fact of injury does not even raise a presumption of negligence on the part of Dr. Fiallo.

> *Semirjian v. Stetson*, 284 Mass. 510, 514 (1933)
> *Klucken v. Levi*, 293 Mass. 545, 550-551 (1936)

10. The mere fact that the plaintiffs brought this action against the defendants is not to be considered by you as evidence that anyone was negligent.

11. You must find in favor of Dr. Fiallo unless you find that Dr. Fiallo's treatment of Rosemary Chattelle was in violation or breach of the standard of care and skill of the average member of the medical profession practicing surgery in February of 2001, taking into account the advances in the profession and the resources available to him at that time.

> *Brune v. Belinkoff*, 354 Mass. 102, 109 (1968)
> *Rogers v. Okin*, 478 F. Supp. 1342, 1384-1385 (1979)

12. The duty of a physician practicing in surgery is to use the reasonable degree of learning and skill and experience which is ordinarily possessed by others of his profession, taking into account the advances in the profession at the time that his services were rendered. In case of doubt, he is to use his best judgment consistent with accepted medical practice as to the treatment to be given to produce a good result. If he does that, he is not negligent.

> *Riggs v. Christie*, 342 Mass. 402, 405-406 (1961)
> *Barrette v. Hight*, 353 Mass. 268, 275, n.7 (1967)
> *Brune v. Belinkoff*, 354 Mass. 102, 109 (1968)
> *Grassis v. Retik*, 25 Mass. App. Ct. 595, 402 (1988)

13. A physician must be allowed a wide range in the reasonable exercise of his professional judgment. The physician is not negligent so long as he employs such judgment and so long as that judgment does not represent a departure from the requirements of accepted medical practice measured by the standards of the average qualified physician practicing in his specialty.

> *Bouffard v. Canby*, 292 Mass. 305, 309 (1935)
> *Borysewicz v. Dineen*, 302 Mass. 461, 463 (1939)
> *Vartanian v. Berman*, 311 Mass. 249, 253 (1942)
> *Grassis v. Retik*, 25 Mass. App. Ct. 595, 602 (1988)

14. The conduct of the defendants must be tested not by standards of perfection or excellence, or even by current standards, but by the standards of care and skill of the average qualified physician practicing surgery in 2001.

    *Brune v. Belinkoff*, 354 Mass. 102, 109 (1968)

15. In the absence of any express promise, of which there is no evidence here, a physician does not guarantee a cure or even an improvement in his patient's condition.

    *Riggs v. Christie*, 342 Mass. 402, 406 (1961)
    *Delaney v. Rosenthall*, 347 Mass. 142, 143-146 (1964)
    *Grassis v. Retik*, 25 Mass. App. Ct. 595, 602 (1988)

16. Medical evidence to the effect that another physician might undertake a different course of treatment from that of the defendants is not evidence that the defendants' care was negligent.

    *Bouffard v. Canby*, 292 Mass. 299, 310 (1935)

17. If you find that the care and treatment given to Rosemary Chattelle by the defendant, Dr. Fiallo, was in accordance with accepted medical practice for the average qualified physician practicing surgery in February of 2001, your finding must be in favor of Dr. Fiallo.

18. Even if you were to find that any care and treatment rendered by the defendant, Dr. Fiallo to Rosemary Chattelle did not in some respects satisfy the standards of accepted medical practice, you must nevertheless find for the defendant unless you also find that these deficiencies caused or contributed to the injury complained of by the plaintiffs. In considering this, you must view each aspect of the plaintiffs' claim separately.

    *Marangian v. Appelian*, 286 Mass. 429, 436 (1934)
    *McCarthy v. Boston City Hospital, et al*, 358 Mass. 639, 646-647 (1971)
    *Harlow v. Chin*, 405 Mass. 697, 702 (1989)

19. This is the case because negligence does not operate in a vacuum, and any negligence would have no legal consequence unless you also find that it contributed in some way to cause injury to the plaintiffs.

    *Falvey v. Hamelburg*, 347 Mass. 430, 435 (1967)

20. It is the obligation of the plaintiffs to show a causal relationship between any alleged failure of a defendants and the alleged injury. This relationship, the causal relationship in cases of this nature, requires expert medical testimony and you as the finder of fact are not entitled and are not permitted to decide vital portions of it by way of conjecture, surmise or speculation.

> *Haggerty v. McCarthy*, 344 Mass. 136, 141-142 (l962)
> *Civitarese v. Gorney*, 358 Mass. 652, 656 (l971)
> *Murphy, Admx. v. Conway*, 360 Mass. 747, 749 (1972)

21. It is the plaintiffs' burden to establish through expert testimony that the injury to the plaintiffs was more probable than not a result of the negligence of the defendants.

> *Harlow v. Chin*, 405 Mass. 697, 702 (l989), citing
> *Berardi v. Menicks*, 340 Mass. 396, 402 (l960)

22. It is not enough for the plaintiffs to present testimony establishing that a connection between the defendants' acts and the injury to the plaintiffs is possible, conceivable or reasonable.

> *Glicklich v. Spievack*, 16 Mass. App. Ct. 488, 492 (1983)

23. It is not the defendants' burden to produce evidence tending to prove that the defendants' alleged negligence had not caused or contributed to the plaintiffs' injury.

> *Held v. Bail,* 28 Mass. App. Ct. 919, 921 (1989), *rev. den'd*, 407 Mass. 1101 (1990).

24. Proximate cause is the plaintiffs' burden and may not be assumed. You may not speculate about the possible results of administering or withholding particular treatment.

> *Held v. Bail,* 28 Mass. App. Ct. 919, 921 (1989), *rev. den'd*, 407 Mass. 1101 (1990).

25. You have heard testimony by opinion witnesses in this case. If in the opinion of the Court certain knowledge is beyond the common knowledge of lay people, the Court will permit someone practicing in the field in question to testify to certain conclusions and opinions. Even though the plaintiffs are required to present such evidence, you are in no way bound by the opinions and conclusions of such a witness. You should view such conclusions as any other testimony in the case, and you may consider it to the extent, and only to the extent that you find it to be of assistance to you in arriving at your conclusions.

       *Commonwealth v. Spiropoulos*, 208 Mass. 71, 72 (1911)
       *Dodge v. Sawyer*, 288 Mass. 402, 408 (1934)
       *Commonwealth v. Dockham*, 405 Mass. 618, 629 (1989)

26. You must resolve any conflict in the testimony of the opinion witnesses by weighing each of the opinions expressed against the others, and against the other credible evidence in the case, taking into consideration the reasons given for the opinion, the facts relied upon by the witness, his or her relative credibility, and special knowledge, skill, experience, training and education.

27. You should consider each such opinion and should weigh the qualifications of the witness and the reasons given for his opinion. Give each opinion the weight to which you deem it entitled.

28. In this trial, expert witnesses have advanced opinions based on the testimony in the case, or based on assumed facts which the evidence tends to establish. It is for you as jurors to determine whether the facts on which any such opinions are based have been established. The value of any expert's testimony is no stronger than the facts on which it is based. You may give weight to the expert's opinion only if you find all of the assumed facts to be true.

       *Dickinson v. Inhabitants of Fitchburg*, 79 Mass. (13 Gray) 546, 566-7 (1859).

       *Commonwealth v. Taylor*, 327 Mass. 641, 649 (1951).

29. A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts that do not tend toward that conclusion any more than toward a contrary one, has no evidential value.

       *Ruschetti's Case*, 299 Mass. 426, 431 (1938)
       *Oberlander's Case*, 348 Mass. 1, 7 (1964)

30. An opinion given by an expert should be disregarded where it amounts to no more than mere speculation or a guess from subordinate facts that do not give adequate support to the conclusion reached.

    *Sevigny's Case*, 337 Mass. 747, 751 (1958)
    *Lynch v. Egbert,* 360 Mass. 90, 92 (1971)
    *Carey v. General Motors Corp.*, 377 Mass. 736, 741 (1979)

31. Even where expert opinion is given, such conclusions are not binding on the jury which may decline to adopt any one or all opinions.

    *Banaghan v. Dewey*, 340 Mass. 73, 79 (1959)
    *Dodge v. Sawyer*, 288 Mass 402, 407-408 (1934).

32. Indeed, if the opinion is a guess or a mere assertion of a possibility of a causal connection, it is insufficient alone to sustain a finding.

    *Nass v. Town of Duxbury*, 327 Mass. 396, 401-402 (1951)
    *Look's Case*, 345 Mass. 112, 115 (1962)
    *Oberlander's Case*, 348 Mass. 1, 5-6 (1964)

33. In order for a defendant's negligence to be a proximate cause of the injury to the plaintiffs, it must be a substantial contributing factor, a substantial contributing cause of that injury.

    *O'Connor v. Raymark Industries, Inc.*, 401 Mass. 586, 589-591 (1988)

34. If on all the evidence it is just as reasonable to suppose that the cause of plaintiffs' injury is one for which no liability would attach to a defendant as one for which a defendant is responsible, then the plaintiffs have failed to make out their case.

    *Wadsworth v. Boston Elevated Railway*, 182 Mass. 572, 574 (1903)
    *Morris v. Weene*, 258 Mass. 178, 180 (l927)

35. If causes other than the negligence of a defendant caused the plaintiffs' injury, the plaintiffs are bound to exclude the operation of such causes by a fair preponderance of the evidence.

    *Wadsworth v. Boston Elevated Railway*, 182 Mass. 572, 574 (1903)
    *Morris v. Weene*, 258 Mass. 178, 180 (l927)

36. In other words, while the plaintiffs are not bound to exclude every other possibility of cause for their injury except that of the negligence of the defendants, plaintiffs are required to show by evidence a greater likelihood that it came from an act of negligence for which the defendants are responsible than from a cause for which the defendants are not liable.

    *Forlano v. Hughes*, 393 Mass. 502, 507 (1985)

37. The defendant, Dr. Fiallo, is not responsible for the natural course of any disease or illness from which you may find Rosemary Chattelle to have been suffering regardless of the actions of the defendants. The defendants are only responsible to the plaintiffs for the plaintiffs' alleged injury if you find the plaintiffs to have sustained such because of some act or omission of the defendants.

    *Glicklich v. Spievach*, 16 Mass. App. Ct. 488, 492 (1983)
    *Coughlin v. Bixon*, 23 Mass. App. Ct. 639, 643 (1987)
    *Miles v. Edward O. Tabor, M.D., Inc.*, 387 Mass. 783, 787 (1982)
    *Forlano v. Hughes*, 393 Mass. 502, 507 (1985).

38. In a case alleging medical malpractice, the plaintiffs have the burden of proving a casual connection between the alleged negligence and the injury. Said burden includes proof by the plaintiffs of the results of any treatment which the plaintiff alleges should have been provided. Thus, you may not speculate about the possible results of administering or withholding particular treatment.

    See *Held v. Bail*, 28 Mass. App. Ct. 919, 921 (1989), rev. denied, 407 Mass. 1101 (1990)

39. The absence of a reference in a medical record to any aspect of a patient's medical treatment does not warrant an inference that something was or was not done.

    *Girard v. Crawford*, 13 Mass. App. Ct. 916, 916 (1982) (rescript)

40. If you reach the question of damages in this case, you must reduce the amount of any future damages which you may find to their value at the date of the commencement of this action. The clerk will add appropriate interest on the amount of the verdict from that date.

    *Griffin v. General Motors Corp.*, 380 Mass. 362, 367 (1980).

41. Any damages that are awarded to the plaintiffs in this case are not subject to payment by them of Federal or State income taxes.

    *Griffin v. General Motors Corp.*, 380 Mass. 362, 370 (1980).

        Respectfully submitted,

        /s/ Kevin C. Reidy,
        Kevin C. Reidy, B.B.O. No.: 567760
        Attorneys for Defendant, Viriato M. Fiallo, M.D.
        Martin, Magnuson, McCarthy & Kenney
        101 Merrimac Street
        Boston, MA  02114
        (617) 227-3240

DATED:  November 1, 2006