UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSEMARY CHATTELLE,                          )
MICHAEL CHATTELLE,                           )
   Plaintiffs                                )
                                             )
vs.                                          )
                                             ) C.A. No.  03-12239 MAP
VIRIATO M. FIALLO, M.D.;                     )
HUBBARD REGIONAL HOSPITAL, and               )
LUIGI QUERUSIO, M.D.                         )
   Defendants                                )
                                             )

<u>SUPPLEMENTAL REQUEST OF THE DEFENDANT, VIRIATO M. FIALLO, M.D., FOR
JURY INSTRUCTIONS (INFORMED CONSENT)</u>

Now comes the defendant, Viriato M. Fiallo, M.D., and requests the following

instructions be given to the jury:

1.    The plaintiffs have the burden of proving by a preponderance of the credible evidence
      that the defendant Viriato M. Fiallo, M.D., rendered treatment without the informed
      consent of Rosemary Chattelle.

            *Harnish v. Children's Hospital Medical Center*, 387 Mass. 152 (1982)

2.    It is the obligation of the plaintiffs to show that the defendant, Viriato M. Fiallo, M.D.,
      failed to divulge in a reasonable manner sufficient information to enable the patient to
      make an informed judgment whether to give or withhold consent for treatment.

            *Harnish v. Children's Hospital Medical Center*, 387 Mass. 152 (1982)

3.    In order to recover for alleged negligence in failing to obtain a patient's informed consent
      to a medical procedure, the plaintiffs must first establish that defendant, Viriato M.
      Fiallo, M.D., had a duty to disclose in a reasonable manner significant medical
      information about a risk which materialized.

            *Precourt v. Frederick*, 395 Mass. 689, 694 (1985)

4.    Even if you find that the defendant, Viriato M. Fiallo, M.D., failed in some respects to
      disclose all of the information required to enable the patient to make an informed
      judgment, you must find for Viriato M. Fiallo, M.D., unless the plaintiffs have proven

through expert testimony by a preponderance of the evidence that an unrevealed risk materialized and caused injury to Rosemary Chattelle which would have been avoided had there been disclosure.

5.     The duty to disclose significant medical information about a risk that materialized requires the plaintiffs to prove that "the physician possesses or reasonably should posses" the information which allegedly was not disclosed; and "[t]he information a physician reasonably should possess is that information possessed by the average qualified physician or, in the case of a specialty, by the average qualified physician practicing that specialty."  Expert testimony is necessary to establish what information the physician reasonably should possess.

*Harnish v. Children's Hospital Medical Center*, 387 Mass. 152, 155 (1982)

6.     The plaintiffs must also establish that the defendant, Viriato M. Fiallo, M.D., reasonably should have recognized that the information about the risk that materialized was important to the decision to undergo the proposed treatment.

*Precourt v. Frederick*, *supra*, at 694

7.     The materiality of such information is a function of both the severity of the injury should the risk materialize and the likelihood that the injury will occur.  In order to recover, the plaintiffs must present evidence sufficient to enable the jury to determine that the defendant, Viriato M. Fiallo, M.D., reasonably should have known that the risk was material to the decision to undergo treatment.

*Precourt v. Frederick*, *supra*, at 694 - 697

8.     The obligation to give adequate information does not require the disclosure of all risks of a proposed therapy, or the disclosure of information the physician reasonably believes the patient already has.

*Harnish v. Children's Hospital Medical Center*, *supra*, at 156

9.     Even with respect to risks which are not commonly known, there is no need to disclose risks of little consequence or risks which are extremely remote; and it is, therefore, the obligation of the plaintiffs to present specific evidence sufficient to establish that the defendant, Viriato M. Fiallo, M.D., should have recognized the undisclosed risks as sufficiently severe and/or sufficiently likely to be material to his decision to undergo treatment.

*Precourt v. Frederick, supra*

10.    Specific evidence with respect to the severity and likelihood of the risk must be presented.  General characterizations of a risk as "high" or conclusory expert testimony that a risk "should have" been disclosed, is insufficient.

*Precourt v. Frederick*, *supra*, at 696 -697

11.    The plaintiffs must present evidence "about both the severity of [the risk] and the likelihood that it would occur after the [treatment provided]."  Absent evidence setting forth both the severity of the risk in question and the likelihood that such risk would occur as a result of the treatment provided the evidence is insufficient to warrant a finding that the defendant, Viriato M. Fiallo, M.D., violated any duty of disclosure.

*Precourt v. Frederick, supra,* at 697

12.    The nature of the patient's condition, the nature and probability of risks involved, the benefits to be expected from the proposed treatment, and the likely result of the available treatment alternatives are all matters which require expert medical testimony.

*Harnish v. Children's Hospital Medical Center*, 387 Mass. 152 (1982)
*Brune v. Belinkoff*, 354 Mass. 102
*Haggerty v. McCarthy*, 344 Mass. 136

13.    Materiality is the significance a reasonable person, in what the physician knows or should know is the patient's position, would attach to the disclosed risk in deciding whether to submit to the proposed treatment.  In determining whether the defendant, Viriato M. Fiallo, M.D., complied with the duty to disclose in a reasonable manner medical information material to an intelligent decision by the patient to accept the treatment recommended, you may take into account the fact that there are limits to what society or an individual can reasonably expect of a physician in this regard.

*Precourt v. Frederick*, 395 Mass. 689, 690, 697 (1985)

14.    Medical matters are often complex.  Recommendations of treatment frequently require the application of considerable medical knowledge gained through extensive training and experience.  Communication of scientific information by the trained physician to the untrained patient may be difficult.  The remotely possible risks of a proposed treatment may be almost without limit.  The patient's right to know must be harmonized with the recognition that an undue burden should not be placed on the physician.

*Harnish v. Children's Hospital Medical Center*, 387 Mass. 152, 155 (1982)

15.    The extent to which a physician must share information with a patient depends upon what information he should reasonably recognize as material to the patient's decision.

Appropriate information may include the nature of the patient's condition, the nature and probability of risks involved. The obligation to give adequate information does not require the disclosure of information the physician reasonably believes the patient already has.

> *Harnish v. Children's Hospital Medical Center*, 387 Mass. 152, 156 (1982)

16.    The materiality of information about a potential injury is a function not only of the severity of the injury, but also of the likelihood that it will occur. Regardless of the severity of a potential injury, if the probability that the injury will occur is so small as to be practically nonexistent, then the possibility of that injury occurring cannot be considered a material factor in a rational assessment of whether to engage in the activity that exposes one to the potential injury. A severe consequence, ordinarily of interest to the patient, would not require disclosure if the chance of the consequence occurring was so remote as to be negligible. Likewise, no disclosure would be required of a very minor consequence even though the probability of occurrence was high.

> *Precourt v. Frederick*, 395 Mass. 689, 694 - 695 (1985)

17.    Self-determination by the patient is an important value worthy of society's protection, but there must be a reasonable accommodation between the patient's right to know, fairness to physicians, and society's interest that medicine be practiced in this Commonwealth without unrealistic and unnecessary burdens on practitioners. The obligation to give adequate information does not require the disclosure of all risks of a proposed therapy. The remotely possible risks of a proposed treatment may be almost without limit, and a physician is not required to inform a patient of remote risks.

> *Precourt v. Frederick*, 395 Mass. 689, 697 (1985)

18.    The right of an individual to manage his own person necessarily encompasses the right to make basic decisions with respect to taking care of himself, including decisions relating to medical treatment and the maintenance of physical and mental health.

> *Rogers v. Comm'r. of the Dept. of Mental Health*, 390 Mass. 489, 496 (1983)

19.    In order to recover for an alleged failure to obtain the patient's informed consent to the treatment that was provided, the plaintiffs must also establish that had the proper information been provided neither the patient nor a reasonable person in similar circumstances would have undergone the treatment.

> *Harnish v. Children's Hospital Medical Center*, *supra*, at 158
> *Precourt v. Frederick*, *supra*, at 702 - 703 (concurring opinion)

20.    Even if you find the defendant, Viriato M. Fiallo, M.D., failed to disclose a risk which should have been made known to the patient, and that this risk materialized, you must find for Viriato M. Fiallo, M.D., unless you are persuaded by a preponderance of the evidence not only that the patient would have declined treatment, but also that a reasonable person in similar circumstances would have refused treatment.

See *Harnish v. Children's Hospital Medical Center*, 387 Mass. 152, 158 (1982).

Respectfully submitted**,**


/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorneys for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240


DATED:  November 1, 2006