UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE and<br>MICHAEL CHATTELLE,<br>*Plaintiffs*<br><br>vs.<br><br>VIRIATO M. FIALLO, M.D.,<br>BAYSTATE MEDICAL CENTER,<br>HUBBARD REGIONAL HOSPITAL,<br>LUIGI QUERUSIO, M.D., | )<br>)<br>)<br>)<br>)     C.A.   NO.:   03-12239-WGY<br>)<br>)<br>)<br>)<br>) |

**PRETRIAL MEMORANDUM OF THE DEFENDANT, LUIGI QUERUSIO, M.D. PURSUANT TO LOCAL RULE 16.5**

**I.    AGREED FACTS**

The defendant, Dr. Querusio agrees that at all relevant times he was a physician licensed to practice medicine in the Commonwealth of Massachusetts and that he specialized in general surgery. Dr. Querusio further agrees that he rendered medical care to the plaintiff on various dates during the Spring of 2001 as referenced in the Hubbard Hospital medical records.

Dr. Querusio does not agree to any facts other than those set forth above.

**II.    PROPOSED CONCISE STATEMENT OF THE CASE**

Counsel for Dr. Querusio proposes the following statement of the case to be read to the jury at empanelment:

"This is a civil action brought by the plaintiffs, Rosemary and Michael Chattelle against the defendants, Dr. Fiallo and Dr. Querusio. The plaintiffs allege that Dr. Fiallo and Dr. Querusio were negligent in the care and treatment that they provided to Rosemary Chattelle. The plaintiff alleges that she sustained permanent personal injury as a result of the care provided

by the defendant physicians. Michael Chattelle has brought a claim for loss of consortium against the defendants.

The defendants, Dr. Fiallo and Dr. Querusio deny the allegations of negligence made by the plaintiffs against them. Dr. Fiallo and Dr. Querusio contend that at all relevant times that they provided appropriate medical care to Rosemary Chattelle. The defendant physicians contend that they complied with the applicable standards of care in their care and treatment of Mrs. Chattelle, and that there is nothing that they either did or failed to do which caused the injuries alleged by Rosemary Chattelle. "

### III.  EXPECTED EVIDENCE OF THE DEFENDANT, DR. QUERUSIO

The defendant, Dr. Querusio will present evidence at trial regarding his training, education and professional experience as a general surgeon. Dr. Querusio will deny that he was negligent in any way in connection with his care and treatment of Rosemary Chattelle. Dr. Querusio will testify that he was called in to perform emergency, lifesaving surgery on Mrs. Chattelle on March 3, 2001. Dr. Querusio will testify that the patient had developed a life threatening infection following a prior surgical procedure performed by Dr. Fiallo.

Dr. Querusio will testify that he performed appropriate lifesaving intervention to treat the patient's acute fecal peritonitis. He will testify that following the surgery that he performed in March of 2001 he continued to appropriately manage the patient and to stabilize her condition to the point where she could be referred to a colorectal surgeon for further care and treatment.

Dr. Querusio will testify that the complications that this patient sustained following her surgery with Dr. Fiallo were known complications, and did not result from any negligence on the part of either Dr. Fiallo or Dr. Querusio.

Dr. Querusio also expects to call one or more medical experts at trial. More specifically, Dr. Querusio reserves the right to call one or more of the expert witnesses referenced in his prior expert disclosures on file with the court. Additionally, Dr. Querusio reserves the right to supplement his expert disclosures in advance of trial to substitute Dr. Justin Maykel as a trial expert for Dr. Craig Paterson. Dr. Maykel is Dr. Paterson's partner, and will testify consistent with the prior expert disclosure of Dr. Paterson. Further, Dr. Querusio will further supplement his expert disclosures to include a formal supplement on behalf of Dr. Maykel.

The defendant, Dr. Querusio through counsel refers the court and the parties to the prior expert disclosures on file for an additional summary of the evidence that will be presented at the time of trial.

IV.     **PROPOSED WITNESSES OF THE DEFENDANT, LUIGI QUERUSIO, M.D.**

Counsel for the defendant, Dr. Querusio expects to call the following witnesses at the time of trial:

1.     Any and all witnesses listed by either the co-defendant, Dr. Fiallo or the plaintiff.

2.     Luigi Querusio, M.D. will testify on his own behalf.

3.     Craig Paterson, M.D. – expert witness, see defendant's prior expert disclosure.

4.     Peter Mowschenson, M.D. – see defendant's prior expert disclosure.

5.     Justin Maykel, M.D. – see defendant's prior expert disclosure regarding Dr. Craig Paterson. Dr. Maykel is Dr. Paterson's partner, and will testify if Dr. Paterson is unavailable at the time of trial. Dr. Maykel will testify consistent with Dr. Paterson's expert disclosure.

6. The defendant further incorporates by reference in their entirety the expert disclosures of the co-defendant, Dr. Fiallo and reserves the right to call any of the co-defendant's expert witnesses on behalf of Dr. Querusio at trial.

## V. PROPOSED EXHIBIT LIST OF THE DEFENDANT, LUIGI QUERUSIO, M.D.

Dr. Querusio through counsel incorporates by reference the exhibit list of the plaintiff as well as co-defendant, Dr. Fiallo.

## VI. EVIDENTIARY QUESTIONS

None identified at this time.

## VII. PROBABLE LENGTH OF JURY TRIAL

Five to seven full days before a jury.

## VIII. CONTESTED ISSUES OF FACT

The defendant, Dr. Querusio disputes all of the plaintiffs' allegations that he was negligent in his care and treatment of the plaintiff. Dr. Querusio further disputes the plaintiffs' allegations that anything that Dr. Querusio either did or failed to do contributed to cause the injuries alleged by the plaintiffs.

Dr. Querusio contends that he complied with appropriate standards of care in all respects with respect to his care and treatment of Mrs. Chattelle and that the injuries she alleges were simply an unfortunate medical result which did not result from any negligence on the part of Dr. Querusio.

## IX. PROPOSED JURY INSTRUCTIONS

This is a relatively straightforward medical negligence case. The defendant, Dr. Querusio incorporates by reference the proposed jury instructions of the co-defendant, Dr. Fiallo including Dr. Fiallo's proposed supplemental jury instructions.

X.    **PROPOSED VOIR DIRE**

The defendant incorporates Dr. Fiallo's proposed voir dire

        Respectfully submitted,
        By its attorneys,

        /s/Brent Tingle
        BRENT A. TINGLE, BBO# 559974
        Morrison Mahoney, LLP
        250 Summer Street
        Boston, MA 02210
        (617) 439-7500

### Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on (date).

/s/Brent A. Tingle
Brent A. Tingle, BBO No. 559974