UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSEMARY CHATTELLE,          )
MICHAEL CHATTELLE,           )
  Plaintiffs                    )
                                )
vs.                           )
                                )  C.A. No.  03-12239 MAP
VIRIATO M. FIALLO, M.D.;        )
and                         )
LUIGI QUERUSIO, M.D.         )
  Defendants                 )
                                )

## DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION *IN LIMINE* TO PRECLUDE THE PLAINTIFFS FROM INTRODUCING ANY EVIDENCE FROM SANDRA GAIL EPSTEIN, PH.D. AND NOREEN T. CHAPMAN, LICSW

The defendant, Viriato Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to preclude the plaintiffs from introducing any evidence at trial from Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW. As grounds for this motion, the defendant submits that the plaintiffs have not made the requisite expert disclosure to permit the plaintiffs to call these persons as witnesses at trial. The plaintiffs have provided insufficient disclosure regarding the expected expert testimony, the substance of any expert testimony, the factual basis of any expert testimony or the specifics of any testimony to permit these witnesses to be called at the time of trial. In addition, the plaintiffs have not provided copies of any records from Sandra Gail Epstein, Ph.D. or Noreen T. Chapman, LICSW. To permit the plaintiffs to offer any evidence from these persons would subject the defendant to unfair prejudice and unfair surprise at the time of trial.

As further grounds for this motion, the counsel for the defendant states that he sought executed authorizations from plaintiffs' counsel, so that the records of Sandra Gail Epstein, Ph.D., could be obtained. The plaintiffs would not voluntarily provide written authorizations and therefore the defendant obtained a Court Order. The Court order was forwarded to Sandra Gail

Epstein, Ph.D., on or about April 4, 2006. (Copy of letter attached). To date, neither Sandra

Gail Epstein, Ph.D., nor the plaintiffs have provided any records to defense counsel.

Pursuant to the Court's Scheduling Order of March 2, 2006, the Plaintiffs were required

to designate and disclose information regarding trial experts as required by Fed. R. Civ. P.

26(a)(2) by June 1, 2006. The plaintiffs' designation of experts and expert testimony is devoid

of any disclosure regarding Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW.

Moreover, there was no identification of expected testimony from the plaintiffs regarding Sandra

Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW, with prior discovery responses. In

addition, the records of these persons were not identified as trial exhibits. The only disclosure

regarding Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW, was well after the

discovery period had ended.

On November 1, 2006, plaintiffs' submitted their Trial Brief. Within their Trial Brief,

plaintiffs identified Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW, as trial

witnesses. The plaintiffs indicated that they "will testify about the psychological damages Mrs.

Chattelle suffered as a result of her extensive and complicated medical conditions as detailed in

the records." There was no further disclosure. Counsel states that such disclosure is insufficient.

The disclosure fails to identify any specific testimony or opinions. Moreover, no signed report

or records were provided to defense counsel. It remains wholly speculative as to the substance

of any testimony to be offered by these individuals. In addition, the subject matter of the

purported disclosure is clearly within the realm of expert testimony requiring prior disclosure.

Issues relating to psychological diagnosis and causation are clearly outside the knowledge of an

ordinary jury member and are properly the subject of expert testimony.

To allow the plaintiffs to present any evidence, expert or otherwise, from Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW, would be unduly prejudicial to the defendant. The defendant submits that plaintiffs' failure to disclose expert testimony from Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW, as required by the rules, is just reason to allow this motion.

WHEREFORE, Dr. Fiallo respectfully requests that the plaintiffs be precluded from introducing any evidence from Sandra Gail Epstein, Ph.D., and Noreen T. Chapman, LICSW, at the time of trial.

Respectfully submitted,


/s/ Kevin C. Reidy,_____
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240


DATED:  April 2, 2007

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, counsel for the defendant, Viriato M. Fiallo, M.D., hereby certify that on the 2nd day of April, 2007, I served the above ***Motion In Limine*** by mailing a copy thereof, postage prepaid and sending via facsimile, to David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; and Brent A. Tingle, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02210.

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240