UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE,<br>MICHAEL CHATTELLE,<br>  Plaintiffs<br><br>vs.<br><br>VIRIATO M. FIALLO, M.D.;<br>and<br>LUIGI QUERUSIO, M.D.<br>  Defendants | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 03-12239 MAP<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION *IN LIMINE* TO PRECLUDE THE PLAINTIFFS FROM INTRODUCING EVIDENCE OF NEGLIGENT FAILURE TO OBTAIN INFORMED CONSENT

The defendant, Viriato Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to preclude the plaintiffs from introducing any evidence at trial regarding any alleged negligent failure to obtain informed consent. As grounds for this motion, counsel states that the plaintiffs have not disclosed any expert medical testimony to support any allegation of negligent failure to obtain informed consent. In order to succeed on a claim of failure to obtain informed consent, a plaintiff must prove that "a physician possesses or reasonably should possess" the information which allegedly was not disclosed. See Harnish v. Children's Hospital Medical Center, 387 Mass. 152, 155-156 (1982). "What the physician should know involves professional expertise and can ordinarily be proved *only through the testimony of experts*." Id. at 156 (emphasis added). The plaintiffs must present evidence "about both the severity of [the risk] and the likelihood that it would occur after the [treatment provided]". In the absence of expert testimony setting forth the likelihood that such risk would occur as a result of the treatment, the evidence at trial is insufficient to warrant a finding that the defendant violated any duty of disclosure. See Precourt v. Frederick, 395 Mass. 689, 695-697 (1985). The nature of the patient's condition, the nature and probability of risks involved, the benefits to be expected from the proposed treatment,

and the likely result of the available treatment alternatives are all matters which require expert medical testimony. See Harnish, 387 Mass. at 156; Haggerty v. McCarthy, 344 Mass. 136, 141 (1962). Plaintiffs' disclosure of expected expert testimony from Bernard Dolin, M.D., is devoid of any reference to any testimony regarding negligent failure to obtain informed consent. Under Massachusetts law, expert medical testimony is required to establish a claim for alleged failure to obtain informed consent. See Precourt v. Frederick, 395 Mass. 689 (1985); Forlano v. Hughes, 393 Mass. 502 (1984). The plaintiffs have identified no evidence, expert or otherwise, that Dr. Fiallo in any way deviated from the standard of care of the average qualified physician practicing general surgery relating to any consent issues. Moreover, the plaintiffs have disclosed no evidence, expert or otherwise, to establish whether a risk of treatment was material, a known risk, and whether that risk actually occurred and caused the alleged harm. See id.

In further support of this motion, during her deposition, Mrs. Chattelle testified as follows:

Q. Did you consent to the surgeries that Dr. Fiallo –

A. Yes.

Q. – performed?

    Mr. Angueira: Objection.

A. That it was okay to do the colostomy, yeah.

Q. Do you claim that there was some information that you were supposed to be told that you were not told before the surgeries by Dr. Fiallo?

    Mr. Angueira: Objection. Go ahead.

A. I don't know.

Q. As you sit here today, is there some information that you believe you should have been told before Dr. Fiallo performed the colostomy surgeries on you?

    Mr. Angueira: Objection. Go ahead.

> A. I don't know how to answer that neither.
>
> Q. You simply don't know?
>
>> Mr. Angueira: Objection.
>
> A. Don't know.

(Deposition, Rosemary Chattelle, dated February 24, 2006, pp. 52-53). In addition, Mrs. Chattelle testified as follows:

> Q. Can you tell me what information you claim Dr. Fiallo should have told you before he treated you?
>
>> Mr. Angueira: Objection.
>
> A. What I would say now, I would ask what the percentage rate of infection occurs in those kinds of surgeries.
>
> Q. What would you have done with that information?
>
>> Mr. Angueira: Objection.
>
> [text omitted]
>
> Q. [text omitted] You said that you would have asked to have the percent rate of infection. And my question to you was, what would you have done with that information?
>
>> Mr. Angueira: Objection.
>
> A. Probably gave myself some time to think about it. I don't – probably.
>
> Q. Would you still have undergone the surgery?
>
> A. Would I? I don't know.
>
>> Mr. Angueira: Hold on. Objection. Now you can answer his question.
>
> A. I can't answer that now.
>
> Q. Would you have refused to undergo the treatment?
>
>> Mr. Angueira: Objection.
>
> A. I can't answer that question.

(Deposition, Rosemary Chattelle, dated February 24, 2006, pp. 89-90). Under Massachusetts state law, plaintiffs are prohibited from creating an issue of material fact by contradicting previous statements made under oath. See Phinney v. Morgan, 39 Mass. App. Ct. 935, 937

(1994). Accordingly, the plaintiffs should not be permitted to create an issue of fact at trial by contradicting previous sworn deposition testimony.

The defendant requested specific information from the plaintiffs relative to their allegations regarding failure to obtain information consent through interrogatories. Interrogatory No. 25 requests the following information:

> With respect to any allegation that the defendant failed to inform you with the risks and/or benefits of a certain course of action, please set forth with specificity which risks you allege it was the duty of this defendant to inform and which risks you allege this defendant failed to so inform and the date and occasion when this defendant allegedly failed in performing this duty.

The plaintiff objected to Interrogatory No. 25 and stated: "Please see the medical records and Offer of Proof." (Answer No. 25, Rosemary Chattelle, dated July 4, 2005). Within the Offer of Proof, there is an affidavit from Rosemary Chattelle that states as follow:

1. My name is Rosemary Chattelle. I have personal knowledge of the information contained in the affidavit.
2. I was treated by Dr. Fiallo and Querusio for various conditions.
3. At no time did either doctor every(sic) tell me that I could develop the types of problems or complications that developed during the time these doctors treated me. If I had been advised that theses complications or problems could occur I would not have given my consent without seeking a second opinion.

There was no further information provided regarding the identity of the specific problems or complications. The plaintiff has never provided any evidence that she would *not* have consented to the treatment by Dr. Fiallo. The defendant submits that the Offer of Proof does not contain the requisite expert medical testimony to establish whether a risk of treatment was material, a known risk, and whether that risk actually occurred and caused the alleged harm.

The defendant submits that the plaintiffs should not be permitted to submit any evidence at trial regarding an alleged failure to obtain informed consent based upon plaintiff's answers to interrogatories, her deposition testimony, as well as the expert disclosure. Plaintiffs' disclosure has simply been insufficient. Based upon the failure of the plaintiffs to disclose expert medical

testimony to substantiate any allegation regarding informed consent and Rosemary Chattelle's own testimony, the defendant respectfully requests that this Honorable Court preclude the plaintiffs from introducing any evidence at trial that Dr. Fiallo failed to obtain the patient's informed consent. To allow the plaintiffs to present evidence of an alleged failure to obtain informed consent without the requisite expert disclosure would subject the defendant to undue surprise and would be overly prejudicial. In addition, the testimony of Rosemary Chattelle precludes the plaintiff from establishing the elements of informed consent. The defendant submits that plaintiffs' failure to identify or disclose evidence to support any allegation of negligent failure to obtain informed consent is just reason to allow this motion.

WHEREFORE, Dr. Fiallo respectfully requests that the plaintiffs be precluded from introducing any evidence regarding any alleged negligent failure to obtain informed consent or any alleged failure to obtain informed consent.

Respectfully submitted,

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

DATED: April 2, 2007

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, counsel for the defendant, Viriato M. Fiallo, M.D., hereby certify that on the 2nd day of April, 2007, I served the above *Motion In Limine* by mailing a copy thereof, postage prepaid and sending via facsimile, to David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; and Brent A. Tingle, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02210.

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE, ) <br> MICHAEL CHATTELLE, ) <br> Plaintiffs, ) <br> v. ) <br> VIRIATO M. FIALLO, M.D; ) <br> BAYSTATE MEDICAL CENTER; ) <br> HUBBARD REGIONAL ) <br> HOSPITAL; ) <br> LUIGI QUERUSIO, M.D. ) <br> Defendants. ) <br> ) | C.A. NO. 03-12239-WGY |

### AFFIDAVIT OF ROSEMARY CHATTELLE

1. My name is Rosemary Chattelle. I have personal knowledge of the information contained in the affidavit.

2. I was treated by Dr. Fiallo and Querusio for various conditions.

3. At no time did either doctor every tell me that I could develop the types of problems or complications that developed during the time these doctors treated me. If I had been advised that these complications or problems could occur I would not have given my consent without seeking a second opinion.

Signed under the pains and penalties of perjury this 22nd day of November, 2004.

*Rosemary Chattelle*
Rosemary Chatelle

1