UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE,<br>MICHAEL CHATTELLE,<br>  Plaintiffs<br><br>vs.<br><br>VIRIATO M. FIALLO, M.D.;<br>and<br>LUIGI QUERUSIO, M.D.<br>  Defendants | )<br>)<br>)<br>)<br>)<br>) C.A. No. 03-12239 MAP<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR MALPRACTICE SUITS OR CLAIMS; LIABILITY INSURANCE; AND ARGUMENTS TO THE JURY TO "SEND A MESSAGE" TO THE MEDICAL PROFESSION

The defendant, Viriato M. Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to preclude the plaintiffs from making reference to the following matters, at any time in the presence of the jury:

1.    Whether Dr. Fiallo has ever had any other malpractice suits or claims brought against him, or whether a judgment or settlement has ever been paid on his behalf on such a lawsuit or claim. References to any other lawsuits or claims which may have been brought against him or references to any judgments or settlements stemming from such suits or claims are totally irrelevant to the issue of whether Dr. Fiallo appropriately treated Rosemary Chattelle in this case. Admitting any such evidence would likely confuse and mislead the jury into believing that such evidence would be relevant to their determination of whether Dr. Fiallo was negligent in this case. Even if the jury is instructed not to consider such information as evidence of negligence in this case, a jury would likely have great difficulty disregarding it, which would result in unfair prejudice to Dr. Fiallo.

2. Whether Dr. Fiallo is covered by medical malpractice insurance, if offered to prove or to create an inference that Dr. Fiallo acted negligently or otherwise wrongfully in this case. Admitting such evidence would unfairly prejudice Dr. Fiallo because it is not itself probative of any relevant proposition and it would invite the jury to award the plaintiffs compensation from a "faceless insurance company" or corporate deep pocket. See Goldstein v. Gontarz, 364 Mass. 800, 808 (1974); see also Liacos, § 4.7 (7th Ed. 1999) (evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully). "Evidence of liability insurance is firmly barred when offered in medical malpractice cases to prove that a defendant physician did or did not act negligently; this is because of the weakness of the inferential connection." McDaniel v. Pickens, 45 Mass. App. Ct. 63, 66 (1998). In this case, there is no relevant issue dealing with liability insurance. Accordingly, plaintiffs should be specifically barred from referring to whether Dr. Fiallo was covered by liability insurance at the time of the alleged negligence to prove or create an inference of negligence.

3. That the jury should "send a message" to the medical profession in rendering its verdict, or arguments of similar effect. Such arguments improperly invite the jury to decide the case based on factors other than whether Dr. Fiallo appropriately treated Rosemary Chattelle, and to award damages on a punitive, rather than a compensatory basis. Such arguments are improper and would be unfairly prejudicial to Dr. Fiallo.

WHEREFORE, Dr. Fiallo respectfully requests that this Honorable Court grant this Motion *in Limine* and preclude the plaintiffs from arguing about, introducing evidence of, or making reference to any of the matters set forth above in the presence of the jury.

Respectfully submitted,

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

DATED: April 2, 2007

- 4 -

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, counsel for the defendant, Viriato M. Fiallo, M.D., hereby certify that on the 2nd day of April, 2007, I served the above *Motion In Limine* by mailing a copy thereof, postage prepaid and sending via facsimile, to David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; and Brent A. Tingle, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02210.

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240