UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSEMARY CHATTELLE, )
MICHAEL CHATTELLE, )
  Plaintiffs )
  )
vs. )
  ) C.A. No. 03-12239 MAP
VIRIATO M. FIALLO, M.D.; )
and )
LUIGI QUERUSIO, M.D. )
  Defendants )
  )

### DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION *IN LIMINE* TO PRECLUDE THE PLAINTIFFS FROM INTRODUCING ANY EVIDENCE OF LOST EARNINGS AND/OR LOSS OF EARNING CAPACITY

    The defendant, Viriato Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to preclude the plaintiffs from introducing any evidence at trial about the plaintiff's alleged lost earnings and/or loss of earning capacity. The plaintiffs have not provided the defendant with any expert testimony to substantiate the plaintiff's lost earnings and/or loss of earning capacity prior to trial. There has been no expert disclosure from the plaintiffs relative to disability, continued disability or alleged future lost earning capacity. There has been no expert disclosure from any economist or vocational professional relative to any alleged lost earning capacity, disability or continuing disability.

    It is the position of the defendant that expert testimony is required to establish that Rosemary Chattelle is presently disabled, at what point she became disabled, duration of her alleged disability and what earning capacity she may or may not have. It is the position of the defendant that what earning capacity Rosemary Chattelle may or may not have is information that is outside the general knowledge of a jury and also requires expert testimony. As there has been no disclosure of expert testimony to establish this evidence, the defendant respectfully

requests that the plaintiffs be precluded from offering any evidence of lost earnings or lost earning capacity at trial.

In further support of this motion, the defendant states that it would be entirely speculative to allow a jury to make a determination whether Mrs. Chattelle continues to be disabled and/or what earning capacity she may or may not have without the aid of qualified expert testimony. Any statement by the plaintiffs as to what Mrs. Chattelle was making before December of 2000 is simply insufficient to permit the jury to determine, without expert testimony, what earning capacity she did or did not have at any particular time. To allow the plaintiffs to present evidence of lost earnings or earning capacity without the requisite expert disclosure would subject the defendant to undue surprise and would be overly prejudicial. The defendant submits that plaintiffs' failure to identify or disclose expert testimony to support any allegations of lost earnings or earning capacity is just reason to allow this motion.

WHEREFORE, Dr. Fiallo respectfully requests that the plaintiffs be precluded from introducing any evidence about any lost earnings and/or loss of earning capacity.

Respectfully submitted,

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240

DATED:  April 2, 2007

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, counsel for the defendant, Viriato M. Fiallo, M.D., hereby certify that on the 2nd day of April, 2007, I served the above *Motion In Limine* by mailing a copy thereof, postage prepaid and sending via facsimile, to David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; and Brent A. Tingle, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02210.

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240