UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE,<br>MICHAEL CHATTELLE,<br>  Plaintiffs<br><br>vs.<br><br>VIRIATO M. FIALLO, M.D.;<br>and<br>LUIGI QUERUSIO, M.D.<br>  Defendants | )<br>)<br>)<br>)<br>)<br>)  C.A. No.  03-12239 MAP<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION *IN LIMINE* TO PRECLUDE THE PLAINTIFFS FROM INTRODUCING ANY EVIDENCE FROM MILDRED MULLEY

The defendant, Viriato Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to preclude the plaintiffs from introducing any evidence at trial from Mildred Mulley.

The plaintiffs have identified Ms. Mulley to testify "about her observations of the plaintiff during her various hospitalizations and conversations with the plaintiff related to her condition, observations she made of the care and treatment given to the plaintiff; the plaintiff's change in health and personality; the plaintiff's loss of enjoyment of life and other damage related issues." It is the position of the defendant that Ms. Mulley's observations regarding the plaintiff's "change in health and personality" is clearly within the realm of expert testimony. Issues relating to psychological diagnosis and causation are clearly outside the knowledge of an ordinary jury member and are properly the subject of expert testimony. The plaintiffs have made no showing that Ms. Mulley has any education, training or experience in medicine or psychology which would qualify her to render expert opinion testimony regarding the plaintiff's health and personality. Given that Ms. Mulley has not been identified as a trained health care professional, her observations regarding the plaintiff are irrelevant and would likely confuse the jury. Accordingly, Ms. Mulley's commentary on her observations regarding Mrs. Chattelle would

have no probative value to the issues of this case and would likely confuse the jury. In addition, the plaintiffs have not specifically identified the substance of her alleged observations.

To allow the plaintiffs to present any evidence from Ms. Mulley on the issue of damages or change in personality would be unduly prejudicial to the defendant and subject the defendant to unwarranted surprise at the time of trial.

WHEREFORE, Dr. Fiallo respectfully requests that the plaintiffs be precluded from introducing any evidence from Ms. Mulley at the time of trial.

Respectfully submitted,

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114
(617) 227-3240

DATED:  April 2, 2007

- 3 -

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, counsel for the defendant, Viriato M. Fiallo, M.D., hereby certify that on the 2nd day of April, 2007, I served the above **Motion In Limine** by mailing a copy thereof, postage prepaid and sending via facsimile, to David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; and Brent A. Tingle, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02210.

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240