UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSEMARY CHATTELLE,            )
MICHAEL CHATTELLE,             )
  Plaintiffs                   )
                               )
vs.                            )
                               ) C.A. No. 03-12239 MAP
VIRIATO M. FIALLO, M.D.;       )
and                            )
LUIGI QUERUSIO, M.D.           )
  Defendants                   )
                               )

### DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION *IN LIMINE* TO PRECLUDE THE PLAINTIFFS FROM INTRODUCING ANY EVIDENCE THAT ANY CONDUCT OF DR. FIALLO PRIOR TO FEBRUARY 4, 2001 DEVIATED FROM THE STANDARD OF CARE OR CONTRIBUTED TO PLAINTIFFS' ALLEGED DAMAGES

The defendant, Viriato Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to preclude the plaintiffs from introducing any evidence at trial that any conduct of Dr. Fiallo before February 4, 2001, deviated from the standard of care or contributed to plaintiffs' alleged damages. As grounds for this motion, counsel for the defendant states that the plaintiffs have failed to identify any evidence, expert or otherwise, that any conduct of Dr. Fiallo before February 4, 2001 amounted to a deviation in the appropriate standard of care or contributed to plaintiffs' alleged damages.

Pursuant to the Court's Scheduling Order of March 2, 2006, the plaintiffs were required to designate and disclose information regarding their trial experts as required by Fed. R. Civ. P. 26(a)(2) by June 1, 2006. According to plaintiff's expert disclosure, the plaintiff's expert, Bernard Dolin, is expected to testify that the defendants deviated from the standard of care in their "failure to identify and treat the cause of Mrs. Chattelle's repeated episodes of abscesses, peritonitis and sepsis." (Report of Bernard Dolin, M.D., dated May 11, 2006, p. 8, submitted as Plaintiffs' Expert Disclosure). Dr. Dolin goes on to state that, in his opinion, the defendants fell below the standard of care "from the beginning of her infectious episode on February 4, 2000

(sic) until the colostomy reversal by Dr. Bleday in December of 2001." (Report of Bernard Dolin, M.D., dated May 11, 2006, p. 8, submitted as Plaintiffs' Expert Disclosure). The "February 4, 2000" is clearly a typographical error as neither defendant had any contact with Mrs. Chattelle in February of 2000. Dr. Fiallo reversed the patient's colostomy on February 1, 2001.

Plaintiffs' expert disclosure regarding Dr. Dolin is devoid of any expected testimony that any conduct of Dr. Fiallo before February 4, 2001 amounted to a deviation in the standard of care of the average qualified surgeon or that any such conduct contributed to plaintiff's injuries. Nowhere in plaintiffs' disclosure is there any criticism from Dr. Dolin regarding the surgical technique used by Dr. Fiallo during the original colostomy procedure or the colostomy reversal that was performed on February 1, 2001. The expert designation regarding Dr. Dolin is devoid of any expected testimony that any of the surgeries performed by Dr. Fiallo before February 4, 2001 in any way deviated from the standard of care. In addition, the expert designation of Dr. Dolin is devoid of any expected testimony that any conduct of Dr. Fiallo before February 4, 2001 caused or contributed to cause any injury to Rosemary Chattelle.

Based upon the failure of the plaintiffs to disclose any expert medical testimony critical of the care provided by Dr. Fiallo before February 4, 2001 or that any such conduct caused harm, the defendant respectfully requests that this Honorable Court preclude the plaintiffs from offering any evidence at trial that any treatment of Dr. Fiallo before February 4, 2001 amounted to a deviation from the appropriate standard of care or contributed to plaintiffs' alleged damages. To allow the plaintiffs to present expert testimony that any of the treatment of Dr. Fiallo before February 4, 2001, deviated from the standard of care or contributed to her injuries would present unfair prejudice and surprise. The defendant submits that plaintiffs' failure to disclose expert

- 3 -

medical testimony critical of any care of Dr. Fiallo before February 4, 2001, is just reason to allow this motion.

 WHEREFORE, Dr. Fiallo respectfully requests that the plaintiffs be precluded from introducing any evidence that any treatment by Dr. Fiallo before February 4, 2001 amounted to a deviation in the standard of care or contributed to any of the plaintiffs' alleged damages.

         Respectfully submitted,

         /s/ Kevin C. Reidy,
         Kevin C. Reidy, B.B.O. No.: 567760
         Attorney for Defendant, Viriato M. Fiallo, M.D.
         Martin, Magnuson, McCarthy & Kenney
         101 Merrimac Street
         Boston, MA  02114
         (617) 227-3240

DATED:  April 2, 2007

- 4 -

## CERTIFICATE OF SERVICE

I, Kevin C. Reidy, counsel for the defendant, Viriato M. Fiallo, M.D., hereby certify that on the 2nd day of April, 2007, I served the above *Motion In Limine* by mailing a copy thereof, postage prepaid and sending via facsimile, to David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; and Brent A. Tingle, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02210.

/s/ Kevin C. Reidy,
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240