UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE and ) | |
| MICHAEL CHATTELLE, ) | |
| *Plaintiffs* ) | |
| ) | |
| vs. ) | C.A. No.: 03-12239 |
| ) | |
| VIRIATO M. FIALLO, M.D., ) | |
| BAYSTATE MEDICAL CENTER, ) | |
| HUBBARD REGIONAL HOSPITAL, ) | |
| LUIGI QUERUSIO, M.D., ) | |
| *Defendants* ) | |

**REQUEST FOR JURY INSTRUCTIONS OF
THE DEFENDANT, LUIGI QUERUSIO, M.D.**

**GENERAL MATTERS**

1.    You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law to those facts as the court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The court, the parties and the public expect that you will carefully and impartially consider all evidence in the case, follow the law as stated by the court, and reach a joint and just verdict free from all personal sympathies and prejudices. You must not allow any sympathy you may have for any party to influence you in any degree whatsoever in deciding whether the plaintiff has sustained her burden of proof, or in assessing damages.

    See *2 Devitt and Blackmar*, §71.022, at 586

2. The mere fact that the plaintiff suffered injuries or an unfortunate medical result does not even raise a presumption of negligence on the part of the defendant. Mere proof of injury is not enough to show negligence.

>    Klucken v. Levi, 293 Mass. 545 (1936)
>    Tallon v. Spellman, 302 Mass. 179 (1939)

3. You, the jury, are the exclusive judges of the facts in this case. Thus, with respect to each witness that is presented to you, you are entitled to accept everything the witness says, accept nothing the witness says, or accept some of the witness' testimony and reject other portions of the testimony. It is entirely up to you. You engage in this process when each witness and each item of evidence has been presented to you. At the close of the case, you will then be in a position to determine the actual facts in the matter.

4. As the exclusive judges of the facts in this case, your decision must be based entirely and only upon those facts as you find them. You cannot and must not consider anything that you may have heard from any person who does not know all of the facts, nor can you permit yourselves to be influenced by any other situation where you do not know all of the facts.

5. Opinion testimony based upon the assumption of facts not proven or which contradict physical facts must be disregarded, and neither the Court nor the jury is permitted to give credit to such testimony.

6. Opinion evidence which is a guess or a mere assertion of a possibility of a causal connection should be disregarded by the jury.

7. An inference based on a possibility rather than on a probability is not enough to support a verdict for the plaintiff.

8. In this regard, you have heard testimony by opinion witnesses in this case. If in the opinion of the court certain knowledge is beyond the common knowledge of lay people, the court will permit someone practicing in the field in question to testify to certain conclusions and opinions. Even though plaintiff is required to present such evidence, you are in no way bound by the opinions and conclusions of any such witness. You should view such conclusions as any other testimony in the case, and you may consider it to the extent, and only to the extent, that you find it to be of assistance to you in arriving at your conclusions.

>  Commonwealth v. Spiropoulos, 208 Mass. 71 (1911)
>  Dodge v. Sawyer, 288 Mass. 402 (1934)

9. The personal opinion of a physician or other professional medical personnel as to what is good medical practice is not a basis from which a jury may draw a conclusion that practice not conforming to such an opinion is bad practice.

>  Bouffard v. Canby, 292 Mass. 305, 198 N.E.2d 53 (1935).

10. The jury's function, with respect to an expect witness, is to assess the soundness and credibility of his or her opinions. The jury is entitled to discount or disbelieve some or all of an expert's testimony.

>  Leibovich v. Antonellis, 410 Mass. 568, 573 (1991)
>  Banagahn v. Dewey, 340 Mass. 73, 79 (1959)
>  Dodge v. Sawyer, 288 Mass. 402 (1934)

11. A jury should consider a proposed expert's education, knowledge, training, experience and familiarity with the field about which he or she is testifying in determining what, if any, weight to give to his or her testimony.

>  Leibovich v. Antonellis, 410 Mass. 568, 573 (1991)
>  Letch v. Daniels, 401 Mass. 65, 68 (1987)

12. The plaintiff here is bound to introduce enough credible evidence to remove the cause of the injury from the realm of conjecture or speculation. In this case, mere speculation as to the cause of the injury is not sufficient to allow you to render a verdict against the defendant.

>  Mucha v. Northeastern Crushed Stone Co., 307 Mass. 592 (1940)
>  Wardwell v. Taylor, 333 Mass. 302 (1955)
>  Dolan v. Suffolk-Franklin Savings Bank, 355 Mass. 665 (1969)
>  Kenney v. Sears, Roebuck & Co., 355 Mass. 604 (1973)

13. This burden of proof requires the plaintiff to establish by a preponderance of the evidence those facts which are necessary to support each of the plaintiff's claims for recovery.

14. The plaintiff must prove every element of her case by a fair preponderance of the credible evidence. The weight or preponderance of evidence is its power to convince the tribunal which has the determination of the facts, of the actual truth of the proposition to be proved. After the evidence has been weighed, that proposition is proved by a preponderance of the evidence if it is more likely or probable in the sense that actual belief in its truth, derived from the evidence, notwithstanding any doubts that may linger there. Another description of the state of mind which is satisfied by a fair preponderance of the evidence is a firm and abiding conviction of the truth of plaintiff's case.

>  Stepakoff v. Kantar, 393 Mass. 836, 842-3 (1985)

STANDARD OF CARE

15. The first element the plaintiff must prove by a preponderance of the evidence is the standard of medical care that was owed to the plaintiff by the defendant physician. The standard of care is not static or rigid. It is to be measured as to the time of the alleged

negligence. It changes depending on many factors, including the physician's speciality, the resources available to the physician, and the advances of the medical profession at the time of the alleged negligence.

The physician's responsibility is to exercise the degree of skill and care of the average physician practicing in the defendant's area of speciality, taking into account the advances in the profession. In applying this standard it is permissible to consider the medical resources available to the physician as one circumstance in determing the skill and care required.

The full extent of the physician's responsibility to the plaintiff is to have and to exercise a reasonable degree of learning, skill and experience ordinarily possessed by other physicians in his area of specialty having regard to the then-current state of advance of the profession.

      Heinrich v. Sweet, 308 F.3d 63 (1st Cir. 2002)

BREACH OF DUTY OF CARE

16. The second element that the plaintiff must prove by a preponderance of the evidence is that the defendant physician breached the standard of medical care that he/she owed the plaintiff or, in other words, was negligent.

A physician is bound to conform to the accepted standards of reasonable skill and care. The defendant physician's conduct is not tested by standards of perfection or excellence, or even by current standards, but by the standards of care and skill and advancement of the profession in 2000 and 2001 among average qualified physicians practicing in the defendant physician's are of practice or specialty.

Physicians exercise judgment in the care and treatment of their patients, and the fact that

in retrospect the physician's judgment was incorrect is not, in and of itself, enough to prove medical malpractice or negligence. A physician is permitted a range in the exercise of his/her professional judgment is in accordance with the duty of care owed to the plaintiff as I have described it to you. The issue is whether in exercising his/her professional judgment the physician complied with the standard of care which I have just explained.

That another doctor might undertake a different course of treatment from that of the defendant physician is not evidence that the defendant physician's treatment is not evidence that the defendant physician's treatment was negligent unless you, the jury, as the finders of fact, also find that the defendant physician's treatment was not in accordance with accepted medical practice in his/her are of practice or specialty. You, the jury, must determine whether the conduct of the defendant physician in this case violated the standard of medical care that he/she owed to the plaintiff based upon the expert medical testimony presented at trial.

A physician does not guarantee the results of a course of treatment, a cure of a patient's condition, or even an improvement of it, but he or she must act in accordance with the standard of care as I have described it to you. The fact that the plaintiff may have had an unfortunate medical result or bad outcome following the defendant physician's treatment does not, in and of itself, mean that the defendant physician was negligent.

> Brune v. Belinkoff, 354 Mass. 102, 109, 235 N.E.2d 793, 798 (1968)
> See Shine v. Vega, 429 Mass. 456, 462 n.12, 709 N.E.2d 58, 62 n.12 (1999)
> Grassis v. Retik, 25 Mass.App.Ct. 595, 602 N.E.2d 411, 415 (1988)

17. A physician's duty is to use the reasonable degree of learning and skill and experience which is ordinarily possessed by others in his profession, taking into account the

advances in the profession. In case of doubt, he is to use his best judgment as to the course of action to be taken in an effort to produce a good result. If he does that, he is not negligent.

> Riggs v. Christie, 342 Mass. 402, 405-6 (1961)
> Barrette v. Hight, 353 Mass. 268 (1967)
> Brune v. Belinkoff, 354 Mass. 102 (1968)

18. What a general surgeon undertakes and the full extent of his responsibility to the patient is to have and exercise the reasonable degree of learning, skill and experience ordinarily possessed by other general surgeons, having regard to the current state of advance of the profession, and, in case of doubt, to use his or her best judgment as to the proper treatment to produce good results. If he does that, the physician is not negligent.

> Vartanian v. Breman, 311 Mass. 249, 253 (1942)
> Bouffard v. Canby, 292 Mass. 305, 309 (1935)
> Semerjian v. Stetson, 284 Mass. 510 (1933)
> Mallen v. Boynton, 132 Mass. 443 (1882)
> Chesley v. Durant, 243 Mass. 180 (1922)
> Brune v. Belinkoff, 354 Mass. 102 (1968)

19. Physicians exercise judgment in the care and treatment of their patients. Errors of judgment or mistakes in medical care are not medical malpractice or negligence so long as he employs such judgment and so long as that judgment does not represent a departure from the requirements of accepted medical practice, or does not result in failure to do something which accepted medical practice obligates him to do, or in so doing something he should not do, measured by the standards of the physicians practicing in his specialty.

> Borysewicz v. Dineen, 302 Mass. 461 (1939)
> Vartanian v. Berman, supra
> Bouffard v. Canby, supra
> Massachusetts Superior Court Civil Jury Instructions – Medical Malpractice, §4.3.2.

20. The conduct of the defendant, Dr. Querusio, must not be tested by the standards of perfection or excellence, or even by current standards, but by the standards of care and skill and advancement of the profession among ordinary physicians practicing general surgery in 2001. Medicine is not an exact science and cannot be measured by hindsight. Medical results cannot be foretold or predicted with certainty, and therefore a physician's care is evaluated by what the physician knew or should have known at the time of treatment.

        Brune v. Belinkoff, 354 Mass. 102 (1968)

21. Medical evidence to the effect that another physician might have undertaken a different course of treatment from that of Dr. Querusio is not evidence that his treatment was negligent.

        Bouffard v. Canby, 292 Mass. 305, 309 (1935)

22. If you find that the care and treatment given to the plaintiff by Dr. Forse was in accordance with accepted practice for a general surgeon in 2001, your finding must be for Dr. Querusio.

23. If you find that Dr. Querusio used the care and skill of an ordinary physician practicing his field, you must find in his favor. The burden is upon the plaintiff to prove that Dr. Querusio did not use the skill and care which general surgeons commonly exercise in corresponding circumstances.

        Coburn v. Moore, 320 Mass. 116 (1946)

## CAUSATION

24. The plaintiff must prove by a preponderance of the evidence that the negligence of the defendant doctor was a cause of the plaintiff's injuries.

The plaintiff bears the burden of establishing a causal connection between the negligence of the defendant and any damages the plaintiff has suffered. This causal connection must generally be established by expert medical testimony that the plaintiff's injury was more probably than not a result of the defendant doctor's negligence.

Only when negligence and causation are "sufficiently obvious as to lie within common knowledge" may a plaintiff meet his or her burden of proof without expert testimony.

> Harlow v. Chin, 405 Mass. 697, 702, 545 N.E.2d 602, 605 (1989)
> Civitarese v. Gorney, 358 Mass. 652, 656 (1971)

25. Even if you were to find that the care rendered by Dr. Querusio to Mr. Chattelle did not, in some respects, satisfy the standards of accepted practice for a general surgeon, you must nevertheless find in favor of Dr. Querusio unless you also find that these deficiencies in his care caused or contributed to cause the plaintiff's injuries. In considering this, you must view each aspect of the plaintiff's claim separately.

> Marangian v. Appelian, 286 Mass. 429 (1934)
> McCarthy v. Boston City Hospital, 358 Mass. 639 (1971)

26. It is the obligation of the plaintiff to show a causal relationship between any alleged failure of a particular defendant and the ensuing injury. This relationship, the causal relationship in cases of this nature, requires some expert medical testimony, and you as the finder of fact are not entitled and are not permitted to decide vital portions of it by way of conjecture, surmise or speculation.

> Murphy, Admix. v. Conway, 360 Mass. 746 (1972)

27. In this regard, you have heard testimony by opinion witnesses in this case. If in the opinion of the court certain knowledge is beyond the common knowledge of lay people, the court will permit someone practicing in the field in question to testify to certain

conclusions and opinions. Even though plaintiff is required to present such evidence, you are in no way bound by the opinions and conclusions of any such witness. You should view such conclusions as any other testimony in the case, and you may consider it to the extent, and only to the extent, that you find it to be of assistance to you in arriving at your conclusions.

> Commonwealth v. Spiropoulos, 208 Mass. 71 (1911)
> Dodge v. Sawyer, 288 Mass. 402 (1934)

28. The plaintiff has the burden of proving by the preponderance of the credible evidence not only that Dr. Querusio was negligent, but that Mr. Chattelle incurred damages as a direct and proximate result of his alleged negligence.

> Coburn v. Moore, 320 Mass. 116 (1946)
> Tallon v. Spellman, 302 Mass. 179 (1939)
> Mason v. Geddes, 258 Mass. 40 (1926)
> Semerjian v. Stetson, 284 Mass. 510 (1933)
> McCarthy v. Boston City Hospital, 358 Mass. 639 (1971)

29. While the plaintiff is not bound to exclude every other possibility of a cause for plaintiff's injury except that of the negligence of the defendant, plaintiff is required to show by evidence the greater likelihood that plaintiff's injuries came from an act of negligence for which the defendant is responsible, rather than from a cause for which the defendant is not responsible.

> Forlano v. Hughes, 393 Mass. 502 (1985)

## DAMAGES

30. If you reach the issue of damages, the plaintiff is entitled to receive compensation for the following elements if proven by a fair preponderance of the evidence:

    - reasonable medical expenses that have been incurred or that will be incurred in the future;

- lost wages, loss of earning capacity, and other economic losses that have been incurred or that will be incurred in the future;

- pain and mental suffering, loss of companionship, embarrassment, and other items of general damages that have been incurred or that will be incurred in the future;

- any impairment or loss of bodily function, whether temporary or permanent in duration; and

- any scarring or disfigurement caused by the defendant's negligence, as opposed to the natural consequence of necessary, nonnegligent treatment.

Recovery for physical and mental pain and suffering is limited to compensation for physical and metal pain and suffering that the plaintiff has actually experienced and will experience in the future.

Most of the elements of damages are not capable of calculation by mathematical certainty. They can only be determined by the sound judgment and conscience of you, the jury, assessing the damages.

> Massachusetts Superior Court Civil Jury Instructions – Medical Malpractice, §4.3.4.

31. No defendant is responsible for the natural course that any disease or condition from which you may find the plaintiff suffered would have taken regardless of the action of the defendant. A defendant is only responsible to the plaintiff for so much of the injuries and damage, if any, which you find the plaintiff to have sustained because of some act or omission of the defendant.

32. In other words, in order for you to find in favor of the plaintiff, even were you to find that the defendant was negligent as I have defined that term to you, you also must find that whatever injuries or damage, if any, you find that the plaintiff sustained would not have occurred but for the negligence, if any, of the defendant.

LaClair v. Silberline Mfg. Co., Inc., 379 Mass. 21, 31 (1979)

33. If you reach the question of damages in this case, you are not to take into consideration the application of any interest upon the amount of damages that you may find, since this is a function of the court.

D'Amico v. Cariglia, 330 Mass. 246 (1953)

INFORMED CONSENT

34. The plaintiff has the burden of proving by a preponderance of the credible evidence that the defendant rendered treatment without the patient's informed consent.

Harnish v. Children's Hospital Medical Center, 387 Mass. 152 (1982)

35. It is the obligation of the plaintiff to show that the defendant failed to divulge in a reasonable manner sufficient information to enable the patient to make an informed judgment whether to give or withhold consent for treatment.

Harnish v. Children's Hospital Medical Center, 387 Mass. 152 (1982)

36. In order to recover for alleged failure to obtain a patient's informed consent to a medical procedure, the plaintiff must first establish that the defendant had a duty to disclose in a reasonable manner significant medical information about a risk which in fact materialized.

Precourt v. Frederick, 395 Mass. 689, 694 (1985)

37. Even if you find that the defendant has such a duty and failed in some respect to disclose all of the information required to enable the patient to make an informed judgment, you must find for the defendant unless the plaintiff has proven through expert testimony by a preponderance of the evidence than unrevealed risk materialized and caused injury to the plaintiff which would have been avoided had there been disclosure.

38. The imposition of a duty to disclose significant medical information about a risk that materialized requires the plaintiff to prove that "the physician possesses or reasonably should posses" the information which allegedly was not disclosed; and "[t]he information a physician reasonably should possess is that information possessed by the average qualified physician or, in the case of a specialty, by the average qualified physician practicing that specialty." Expert testimony is necessary to establish what information the physician reasonably should possess.

> Harnish v. Children's Hospital Medical Center, 387 Mass. 152 (1982)

39. The plaintiff must also establish that the defendant reasonably should have recognized that the information about the risk that materialized was important to the decision to have the patient undergo the proposed treatment.

> Precourt v. Frederick, 395 Mass. 689, 694 (1985)

40. The materiality of such information is a function of both the severity of the injury should the risk materialize and the likelihood that the injury will occur; and, in order to recover, the plaintiff must present evidence sufficient to enable the jury to determine that the defendant reasonably should have known that the risk was material to the decision to have the patient undergo treatment.

> Precourt v. Frederick, 395 Mass. 689, 694-697 (1985)

41. The obligation to give adequate information does not require the disclosure of all risks of a proposed therapy, or the disclosure "of information the physician reasonably believes the patient already has, such as the risks like infection, inherent in any operation."

> Harnish v. Children's Hospital Medical Center, 387 Mass. 152,156 (1982)
> (citations omitted)

42. Specific evidence with respect to the severity and likelihood of the risk must be presented, and even general characterizations of a risk as "high" or conclusory expert testimony that a risk "should have" been disclosed is insufficient.

        Precourt v. Frederick, 395 Mass. 689, 696-697 (1985)

43. The plaintiff must present evidence "about both the severity of [the risk] and the likelihood that it would occur after the [treatment provided]," and in the absence of expert testimony setting forth the likelihood that such risk would occur as a result of the treatment, the evidence at trial is insufficient to warrant a finding that the defendant violated any duty of disclosure.

        Precourt v. Frederick, 395 Mass. 689, 695-697 (1985)

44. Materiality is the significance a reasonable person, in what the physician knows or should know is his patient's position, would attach to the disclosed risk in deciding whether to submit to the proposed treatment. In determining whether the defendant has complied with his duty to disclose in a reasonable manner medical information material to an intelligent decision by the patient whether to accept the treatment recommended, you may take into account the fact that there are limits to what a society or an individual can reasonably expect of a physician in this regard.

        Precourt v. Frederick, 395 Mass. 689, 690, 697 (1985)

45. The extent to which a physician must share information with his patient depends upon what information he should reasonably recognize as material to the patient's decision. Appropriate information may include the nature of the patient's condition, the nature and probability of risks involved. The obligation to give adequate information does not

require the disclosure of information the physician reasonably believes the patient already has.

Harnish v. Children's Hospital Medical Center, 387 Mass. 152, 156 (1982)

46. The materiality of information about a potential injury is a function not only of the severity of the injury, but also of the likelihood that it will occur. Regardless of the severity of a potential injury, if the probability that the injury will occur is so small as to be practically nonexistent, then the possibility of that injury occurring cannot be considered a material factor in a rational assessment of whether to engage in the activity that exposes one to the potential injury. A severe consequence, ordinarily of interest to the patient, would not require disclosure if the chance of the consequence occurring was so remote as to be negligible. Likewise, no disclosure would be required of a very minor consequence, even though the probability of occurrence was high.

Precourt v. Frederick, 395 Mass. 689, 690, 697 (1985)

47. Self-determination by the patient is an important value worthy of society's protection, but there must a reasonable accommodation between the patient's right to know, fairness to physicians, and society's interest that medicine be practiced in this Commonwealth without unrealistic and unnecessary burdens on practitioners. The obligation to give adequate information does not require the disclosure of all risks of a proposed therapy. The remotely possible risks of a proposed treatment may be almost without limit, and a physician is not required to inform a patient of remote risks.

Precourt v. Frederick, 395 Mass. 689, 697 (1985)

48. Finally, it is clear that in order to recover for alleged failure to obtain the patient's informed consent to the treatment that was provided, the plaintiff must also establish at

trial that "had the proper information been provided <u>neither</u> the patient <u>nor</u> a reasonable person in similar circumstances would have had the patient undergo the treatment."

<u>Harnish v. Children's Hospital Medical Center</u>, 387 Mass. 152, 158 (1982)
<u>Precourt v. Frederick</u>, 395 Mass. 689, 702 - 703 (1985)
(concurring opinion)(emphasis supplied)

49. Accordingly, even if you find that the defendant failed to disclose a risk which should have been made known to the patient, and that this risk materialized, you must find for the defendant unless you are persuaded by a preponderance of the evidence not only that Michael Stapleton would have declined treatment, but also that a reasonable person confronted with these circumstances would have refused treatment.

<u>Harnish v. Children's Hospital Medical Center</u>, 387 Mass. 152, 158 (1982)

                                Respectfully submitted,
                                By his attorneys,

                                /s/Brent Tingle
                                BRENT A. TINGLE, BBO# 559974
                                Morrison Mahoney, LLP
                                250 Summer Street
                                Boston, MA 02210
                                (617) 439-7527

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on (date).

/s/Brent A. Tingle
Brent A. Tingle, BBO No. 559974