UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSEMARY CHATTELLE, <br> MICHAEL CHATTELLE, <br>   Plaintiffs <br> <br> vs. <br> <br> VIRIATO M. FIALLO, M.D.; <br> and <br> LUIGI QUERUSIO, M.D. <br>   Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 03-12239 MAP <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>DEFENDANT VIRIATO M. FIALLO, M.D.'S MOTION TO DIRECT A VERDICT ON HIS
BEHALF AS TO ALL COUNTS OF PLAINTIFFS' COMPLAINT AT THE CLOSE OF
PLAINTIFFS' EVIDENCE</u>

The defendant, Viriato M. Fiallo, M.D. ("Dr. Fiallo"), hereby moves this Honorable Court to direct a verdict on his behalf as to all counts of plaintiffs' Complaint, upon the following grounds:

1. The evidence does not warrant a finding that Dr. Fiallo failed to exercise that degree of care and skill of the average qualified physician practicing general surgery in 2001, taking into account the advances in the profession and the resources available at the time;

2. The evidence does not warrant a finding that Dr. Fiallo breached any duty owed to the plaintiffs;

3. The evidence does not warrant a finding that Dr. Fiallo was negligent; and

4. The evidence does not warrant a finding that any negligent action or inaction by Dr. Fiallo caused, or contributed to cause, the alleged damages to the plaintiffs.

In considering the instant motion for a directed verdict, the Court should decide whether "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." <u>Raunela v. Hertz Corp.</u>, 361 Mass. 341, 343 (1972). For the inference to be reasonable, it must be based on "probabilities rather than possibilities" and not the result of "mere speculation and conjecture." <u>Alholm v. Wareham</u>, 371 Mass. 621, 627 (1976); <u>Cherick Distributors, Inc. v. Polar</u>

Corp., 41 Mass. App. Ct. 125, 126, rev. den., 423 Mass. 1109 (1996). A directed verdict is appropriate where, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the Court determines that no jury could reasonably return a verdict for the plaintiffs. See Ferragamo v. Massachusetts Bay Transportation Authority, 395 Mass. 581 (1985); Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 438 (1992). In addition to the grounds set forth above, the state of the evidence is such that plaintiffs have not put forth a reasonable set of circumstances that would support the allegations of negligence on the part of Dr. Fiallo in caring for the plaintiff, Rosemary Chattelle. Accordingly, the defendant requests that this Honorable Court enter a directed verdict in his favor as to all counts of plaintiffs' complaint.

WHEREFORE, Dr. Fiallo respectfully requests that this Court grant him a directed verdict on all counts of plaintiffs' Complaint, along with such other and further relief as this Court may deem to be just and proper.

Respectfully submitted,

_/s/ Kevin C. Reidy_
Kevin C. Reidy, B.B.O. No.: 567760
Attorney for Defendant, Viriato M. Fiallo, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

Dated: 4/13/07

- 2 -